Woodbury W. **ELDRIDGE**, Plaintiff,

v.

Otis R. **BOWEN**, M.D., Secretary, United States Department of Health and Human Services, Defendant.

Civ. No. 87–0285–P.

United States District Court,
D. Maine.

May 24, 1988.

Remington O. Schmidt, Portland, Me., for plaintiff.

David R. Collins, Asst. U.S. Atty., Portland, Me., for defendant.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE

GENE CARTER, District Judge.

Hearing having been had before the Honorable D. Brock Hornby, United States Magistrate, in the above-entitled matter;

and the United States Magistrate having considered the written and oral arguments of counsel; and the United States Magistrate having filed with the Court on April 11, 1988, with copies to counsel, his Report and Recommended Decision that judgment be entered for the Secretary; and Plaintiff having filed his Objections to the Magistrate's Report and Recommended Decision on April 21, 1988; and this Court having reviewed and considered the Magistrate's Report and Recommended Decision, together with the entire record; and this Court having made a *de novo* determination of all matters adjudicated by the Magistrate's Report and Recommended Decision to which objection has been made;[1] and this Court concurring with the recommendations of the United States Magistrate for the reasons set forth in his Report and Recommended Decision; and having determined that no further proceeding is necessary, it is hereby ORDERED:

(1) That the recommended decision of the Magistrate is hereby *AFFIRMED*; and

(2) That judgment shall be entered for the Defendant.

---

1. The Court notes that Plaintiff did not file a discrete freestanding statement of objections to the Report and Recommended Decision of the Magistrate. Rather, Plaintiff's counsel appended to the objection (D.I. #6) a copy of "Plaintiff's Statement of Specific Errors," which was filed on February 2, 1988 pursuant to procedural requirements in order to generate the issues before the Magistrate. This document and the practice of substituting it for a specific statement of objections to the opinion of the Magistrate is, in the view of the Court, an unsatisfactory method of setting forth grounds for objections to the Report and Recommended Decision of the Magistrate. The statute on which Plaintiff's counsel relies for this procedure, 28 U.S.C. A. § 636(b)(1)(C), contemplates a statement of specific and discrete objection to the rationale set forth in the Magistrate's Report and Recommended Decision. Substituting therefor a procedural document that was necessary to specify the issues to be considered by the Magistrate does not adequately address the specific complaints made about the adequacy of the Magistrate's resolution of those issues. Further, it casts upon the Court the burden of reviewing every aspect of the Magistrate's decision, whereas the purpose of requiring objections is to force Plaintiff to specify those particular parts of the Magistrate's Report and Recommended Decision which are the subject of genuine objections. Here, the Court has undertaken to bear that burden, although not willingly. Notice is served that in the future, it will not look kindly upon this evasive practice.