**Walberto PAGAN VELEZ, Plaintiff,**

v.

**Zoe LABOY ALVARADO,
et al., Defendants.**

### No. Civ 99–1066 JAF.

United States District Court,
D. Puerto Rico.

May 10, 2001.

Carlos V. Garcia-Gutierrez, Ivonne M. Olmo-Rios, San Juan, PR, Jose R. Olmo-Rodriguez, Hato Rey, Pr, For Walberto Pagan Velez.

Gustavo A. Gelpi, Feldstein, Gelpi & Gotay, San Juan, PR, Francisco A. Ojeda-Diez, Leticia Ramirez-Rangel, Dept. of Justice, Fed. Litigation Div., San Juan, PR, for Luis Alvarez Galvan, Sigredo Cabrera Jimenez, Victor Ruiz Sarraga, Rafael Lopez Ramos, Ernesto Quiles Arroyo, Miguel A. Rivera Rodriguez.

Yadaida Zabala, Sanchez Betances & Sifre, San Juan, PR, Francisco A. Ojeda-Diez, Leticia Ramirez-Rangel, Dept. of Justice, Fed. Litigation Div., San Juan, PR, for Benjamin Ramos Roman.

Francisco A. Ojeda-Diez, Dept. of Justice, Fed. Litigation Div., San Juan, PR, Esther Castro Schmidt, San Juan, PR, for Jaime Cruz, Adalberto Coarrea Aguilar.

Luis F. Del-Valle-Emmanuelli, Garcia & Fernandez, Hato Rey, PR, Francisco A. Ojeda-Diez, Dept. of Justice, Fed. Litigation Div., San Juan, PR, for Manuel A. Colon Maldonado, Angel Molina, William Coll, Hector Alicea Rivera.

Carlos R. Ramirez, San Juan, PR, Francisco A. Ojeda Diez, Salvador J. Antonetti-Stutts, Dept. of Justice of PR, Fed. Litiga-

tion Div., San Juan, PR, for Arcadio Lopez Ruizs, Alexander Lopez Rojas.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Walberto Pagán Vélez, brings a suit pursuant to 42 U.S.C. § 1983 (1988) against Defendants, Zoé Laboy–Alvarado, Administrator of the Administration of Corrections for the Commonwealth of Puerto Rico ("AOC"); Luis Álvarez–Galván, Director of Security for the AOC; Sigfredo Cabrera–Jiménez, former Director of Security for the AOC; Benjamín Ramos–Román, Commander of the Guards at the Sabana Hoyos Penal Camp; Miguel A. Rivera–Rodríguez, a Lieutenant at Sabana Hoyos; Rafael López–Ramos, Ernesto Quiles–Arroyo, and Víctor Ruíz–Sárraga, Superintendents for the AOC at Sabana Hoyos; Jaime Cruz–Lopéz and Adalberto Correa–Aguilar, Sergeants at Sabana Hoyos; Angel Molina–Ríos, William Coll–Villafañe, Manuel A. Cólon–Maldonado, and Héctor Alicea–Rivera, Custody Officers at Sabana Hoyos; Arcadio López–Ruiz and Alexander López Rojas, Custody Officers at the Detention Center in western Mayagüez, Puerto Rico (collectively, "Defendants" or "Moving Defendants"); and numerous other corrections officials, their spouses, and conjugal partnerships, for alleged violations of his constitutional rights.

Defendants move for summary judgement on statute of limitations grounds.

## I.

### Factual and Procedural Synopsis

Plaintiff asserts that while he was an inmate at the Sabana Hoyos minimum security penal camp in Puerto Rico, he, in conjunction with other inmates, attempted to file a lawsuit against prison officials for allegedly subjecting them to "inhumane and cruel conditions." *Docket Document No. 56.*

After several alleged, failed attempts to file Plaintiff's complaint, which corrections officials purportedly thwarted, prison officials allegedly transported Plaintiff to the United States District Court in Hato Rey, Puerto Rico, on October 9, 1998, so that he could file his complaint. *Id.* Nevertheless, Plaintiff avers that prison officials allegedly again prevented him from initiating a lawsuit. *Id.*

Subsequently, Plaintiff contacted the media to inform them about the purported conditions at Sabana Hoyos and the aforementioned sequence of events. *Id.* After a news reporter visited the prison to investigate the story, Defendants allegedly beat Plaintiff severely on November 11, 1998, in retaliation for attempting to file his joint complaint at the federal courthouse and for informing the news media about his situation. *Id.* Defendants then transferred Plaintiff to the Guerrero Correctional Institution in Puerto Rico, allegedly also in retaliation for Plaintiff's acts. *Id.*

On January 22, 1999, Plaintiff, proceeding pro se, filed his original, section 1983 complaint with this court. *Docket Document No. 1.* In it, Plaintiff named the AOC and Ruíz–Sárraga as Defendants and claimed that Ricardo Rosado Latorre, a Sergeant at the Detention Center in western Mayagüez; Wilfredo Pérez Soler, a Custody Officer at the same Detention Center; and two unnamed officers from the same facility had physically assaulted him in retaliation for having attempted to file his complaint with this court.[1] *Id.*

---

1. The text of the original complaint actually alleges that Defendants AOC, Ruíz–Sárraga,

Rosado Latorre, Pérez Soler, and two unnamed officers from the Detention Center in

Plaintiff seeks $2,000,000 in damages and the termination from their employment of those officers who allegedly had beat him. *Id.*

Through his legal representation, Plaintiff subsequently amended his complaint on February 3, 2000, and then again on November 14, 2000. *Docket Documents Nos. 14 and 56.* In his first amended complaint, Plaintiff added numerous persons as Defendants, including Laboy–Alvarado, Álvarez–Glaván, Cabrera–Jiménez, Ramos–Román, Rivera–Rodríguez, López–Ramos, Quiles–Arroyo, Ruíz–Sárraga, Cruz–Lopéz, Correa–Aguilar, Molina–Ríos, Coll–Villafañe, Colón–Maldonado, Alicea–Rivera, López–Ruiz, and López Rojas. *Docket Document No. 14.* Plaintiff alleged that these Defendants violated his right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, U.S. CONST. amends. VIII, XIV, as well as the Constitution of Puerto Rico. *Id.* Plaintiff also asseverated that Defendants violated his right to access the courts and press pursuant to the First Amendment to the U .S. Constitution and the Constitution of Puerto Rico. *Id.* Consequently, Plaintiff claimed that Defendants were jointly and severally liable for all damages to be proven at trial and for punitive damages. *Id.*

The second amended complaint joins two more Defendants, Rosado Latorre and Pérez Soler. *Docket Document No. 56.* The claims which Plaintiff alleges and the relief which he seeks remain constant from the first to the second amended complaint. *Id.*

Defendants Laboy–Alvarado, Álvarez–Galván, Cabrera–Jiménez, Ramos–Román, Rivera–Rodríguez, López–Ramos, Quiles–Arroyo, and Ruíz–Sárraga move for summary judgement. These Defendants, with the exception of Ruíz–Sárraga, argue that Plaintiff's first amended complaint, which joins them to his original complaint, is time-barred because Plaintiff's claims against Defendants do not relate back to the original action as required by FED. R.CIV.P. 15(c). *Docket Document No. 70.* Defendant Ruíz–Sárraga argues that the state law claim against him is time-barred because Plaintiff did not assert it within the prescribed limitations period. *Id.*

Defendants Cruz–Lopéz, Correa–Aguilar, Molina–Ríos, Coll–Villafañe, Colón–Maldonado, Alicea–Rivera, López–Ruiz, and López Rojas join the summary judgement motion. *Docket Documents Nos. 71, 72, and 75.*

## II.

### *Summary Judgement Standard*

The standard for summary judgement is straightforward and well-established. A district court should grant a motion for summary judgement "if the pleadings, depositions, and answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgement as a matter of law." FED.R.CIV.P. 56(c); *see Lipsett v. Univ. of P .R.,* 864 F.2d 881, 894 (1st Cir.1988). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," and "genuine" if the evidence is such that "a reasonable jury could return a

---

western Mayagüez retaliated against Plaintiff for having filed the federal complaint. *Docket Document No. 1.* Given that the alleged retaliatory beating preceded the filing of the original complaint by approximately two months,

we assume that Plaintiff meant to state that these Defendants allegedly retaliated against him for attempting to file the complaint in federal court.

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The burden of establishing the nonexistence of a genuine issue as to a material fact is on the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. *See id.* In other words, "[t]he party moving for summary judgement, bears the initial burden of demonstrating that there are no genuine issues of material fact for trial." *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 140 (1st Cir.1998). This burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. After such a showing, the "burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997) (citing *Celotex*, 477 U.S. at 322–25, 106 S.Ct. 2548).

Although the ultimate burden of persuasion remains on the moving party and the court should draw all reasonable inferences in favor of the nonmoving party, the nonmoving party will not defeat a properly supported motion for summary judgement by merely underscoring the "existence of some alleged factual dispute between the parties"; the requirement is that there be a genuine issue of material fact. *Anderson*, 477 U.S. at 247–48, 255, 106 S.Ct. 2505; *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir. 1993). In addition, "factual disputes that

are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Under Rule 56(e) of the Federal Rules of Civil Procedure, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Summary judgement exists to "pierce the boilerplate of the pleadings," *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992), and "determine whether a trial actually is necessary." *Vega–Rodriguez v. P.R. Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997).

## III.

### *Analysis*

### A. Relation Back of Defendants

Our first inquiry focuses on timing. Plaintiff filed his original complaint on January 22, 1999. *Docket Document No. 1.* The pleading names the AOC and Ruíz–Sárraga as Defendants in its caption, but mentions only Rosado Latorre, Pérez Soler, and two unnamed officers from the Detention Center in western Mayagüez as the alleged perpetrators of his beating. *Id.* On February 3, 2000, Plaintiff amended his complaint, mentioning for the first time the bulk of his named Defendants. *Docket Document No. 14.* Defendants contend that since the applicable limitations period had run at the time of the first amended complaint, Plaintiff could not have added them to the present suit. *Docket Document No. 70.*

To determine the applicable statute of limitations for this action, we first turn to section 1983 to determine its provisions. Section 1983, however, lacks an accompanying federal statute of limitations. *See* 42

U.S.C. § 1983.[2] Consequently, we adopt relevant provisions from the analogous statute of limitations of the forum state. *See Wilson v. Garcia,* 471 U.S. 261, 266–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (directing federal courts in section 1983 actions to borrow and apply a state's statute of limitations for personal injuries cases).

■ For section 1983, the most appropriate provision is the statute of limitations for personal injury cases. *See Owens v. Okure,* 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (stating that courts, when evaluating the timeliness of a section 1983 claim, "should borrow the state statute of limitations for personal injury actions") (citation omitted). In Puerto Rico, a one-year statute of limitations governs personal injury actions. *See* 31 L.P.R.A. § 5298(2) (1991).[3] Therefore, we apply the one-year prescriptive period to Plaintiff's section 1983 action. *See Rivera–Ramos v. Roman,* 156 F.3d 276, 282 (1st Cir.1998); *Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 41–43 (1st Cir.1990).

■ "Although the limitations period is determined by state law, the date of accrual is a federal law question." *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997) (per curiam); *see also Rivera–Ramos,* 156 F.3d at 282 ("For section 1983 actions, federal law governs the date on which a cause of action accrues (i.e. ., when the statute begins to run) while the length of the period and tolling doctrine are taken from local law.") (citation omitted). The one-year statute of limitations "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury." *Benitez–Pons v. Commonwealth of P.R.,* 136 F.3d 54, 59 (1st Cir.1998) (citation omitted).

Here, Plaintiff maintains that Defendants Rosado Latorre and Pérez Soler, and two unnamed officers physically assaulted him on November 11, 1998. *Docket Document No. 1, 14, and 56.* Since Plaintiff's claims accrued on that date, *cf. Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir.1998) (finding that a claim for wrongful arrest and confinement accrued on the day that plaintiff had knowledge of the events), Plaintiff had until November 11, 1999, to file a complaint against all Defendants named in the first amended complaint. *See Carreras–Rosa,* 127 F.3d at 175.[4] Plaintiff did not do so.

Moving Defendants other than Ruíz–Sárraga contend that Plaintiff could not join them as defendants after the statute of limitations had run because they did not receive timely notice of Plaintiff's original

**2.** Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

**3.** Section 5298 reads:

> The following prescribe in one (1) year:

> (1) Actions to recover or retain possession.
> (2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned the section 5141 of this title, from the time the aggrieved person had knowledge thereof.

31 L.P.R.A. § 5298.

**4.** In *Carreras–Rosa,* the plaintiffs' action accrued on May 20, 1994, the statute of limitations began running on May 21, 1994, and, thus, the plaintiffs had until May 20, 1995 to file their complaint. *See Carreras–Rosa,* 127 F.3d at 175.

action and they lacked knowledge of Plaintiff's mistake in omitting them from his original complaint, as required by FED. R.CIV.P. 15(c)(3). *Docket Document No. 70.*

### 1. *Rule 15(c)(3)*

 After the running of the relevant statute of limitations, Rule 15(c) determines whether a plaintiff may amend a complaint to add a defendant by relating the amended complaint back to the original one. *Wilson v. United States,* 23 F.3d 559, 562 (1st Cir.1994). Rule 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when:

1. relation back is permitted by the law that provides the statute of limitations applicable to the action, or

2. the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

3. the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED.R.CIV.P. 15(c). Thus, Rule 15(c) requires that three conditions be met before a plaintiff can add a defendant through the relation-back mechanism of subsection three: (1) same transaction or occurrence; (2) timely notice; and (3) knowledge of a mistake in identity. *Leonard v. Parry,* 219 F.3d 25, 28 (1st Cir.2000).

#### a. *Same Transaction or Occurrence*

The first requirement is satisfied in this case. Defendants do not contest that both the original and amended complaints spring from the same factual well.

#### b. *Timely Notice*

Defendants contend that they did not receive timely notice of Plaintiff's action. *Docket Document No. 70.* Specifically, they assert that they first received notice when Plaintiff served them with summons and a copy of the amended complaint on these respective dates: Alicea–Rivera, February 6, 2000; Laboy–Alvarado, February 9, 2000; Álvarez–Glaván, Cabrera–Jiménez, Ramos–Román, Rivera–Rodríguez, López–Rojas, López–Ramos, López–Ruiz, Quiles–Arroyo, and Ruíz–Sárraga, February 16, 2000; Colón–Maldonado, Correa–Aguilar, February 22, 2000; Coll–Villafañe, Cruz–López, and Molina–Ríos, March 14, 2000. *Docket Documents Nos. 70, 71, 72, and 75.*

For notice to be timely pursuant to FED. R.CIV.P. 15(c)(3)(A), Defendants must have been served with the summons and amended complaint no more than 120 days after the filing of the original complaint. *Wilson,* 23 F.3d at 562–63 (citing Rule 15(c)). Plaintiff filed the original complaint on January 22, 1999. *Docket Document No. 1.* We find that the dates on which Defendants were served with the summons and amended complaint are clearly beyond the requisite 120 days.[5]

---

5. Defendants Alicea–Rivera, Quiles–Arroyo, and López–Ramos misstate the dates on which they received notice. Our review of the record reveals that they were served on

Plaintiff, however, posits that pursuant to FED.R.CIV.P. 15(c)(1), he may take advantage of state law to add Defendants as joint tortfeasors with the AOC and Ruíz–Sárraga despite the consequences of FED. R.CIV.P. 15(c)(3). *Docket Document No. 77.* Defendants dispute Plaintiff's conclusion for several reasons. *See Docket Document No. 70.*

Before reaching either of these positions, we first consider whether Moving Defendants had an identity of interest with the AOC and Ruíz–Sárraga such that the former can be considered to have received constructive notice of Plaintiff's action within the limitations period. *See Ayala Serrano v. Lebron Gonzalez,* 909 F.2d 8, 12 (1st Cir.1990) (quoting *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) ("The linchpin [in a Rule 15(c) analysis] is notice, and notice within the limitations period.")); *Ocasio Ortiz v. Betancourt Lebron,* 146 F.R.D. 34 (D.P.R. 1992) ("[B]oth [judicial] consistency and efficiency will be promoted if we first turn to the binding rules and decisions of the Circuit, and seek recourse to … 15(c)(1) only if the federal standard would preclude amendment.").

■ The First Circuit has developed the "identity of interest" concept as judicial gloss on Rule 15(c). *See Ayala Serrano,* 909 F.2d at 12 (citation omitted). The principle provides that:

> [t]he institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business

or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.

*Hernández Jiménez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir.1979); *see also Ayala Serrano,* 909 F.2d at 12–13 (following *Hernandez Jiménez* ). Thus, if the " 'the named defendant and the party that the plaintiff actually intended to sue have an 'identity of interest,' … [and] the other requirements of Rule 15(c) have been satisfied,' " the addition of the intended parties is permissible. *Ayala Serrano,* 909 F.2d at 12 (citation omitted).

Although the identity of interest test is normally applied in the corporate context, *Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir .1989), the First Circuit has utilized it in cases arising under 42 U .S.C. § 1983 (1988). *See Ayala Serrano,* 909 F.2d at 10; *Hernández Jiménez,* 604 F.2d at 103.

One of the issues that the First Circuit faced in *Ayala Serrano* was whether an inmate-plaintiff could add Cruz Lebrón González ("Lebrón"), a prison officer, as a defendant to his complaint pursuant to the relation back principles of FED.R.CIV.P. 15(c).[6] The First Circuit answered the question in the affirmative with certain conditions. The Circuit found that an identity of interest existed between the originally named defendants and Lebrón because, inter alia, the originally named defendants were Lebrón's superiors; Lebrón had been present during the assault on the inmate; and after the inmate had filed the complaint, Lebroón continued working as a prison officer at the facility

---

February 16, 2000, *Docket Document No. 17;* February 22, 2000, *Docket Document No. 18;* and March 16, 2000, *Docket Document No. 22,* respectively. Nevertheless, these altered dates do not affect our ultimate conclusion that they were served beyond the prescribed period.

**6.** Although *Ayala Serrano* predates the 1991 amendments to Rule 15(c), its reasoning is still sound. *See, e.g., Ocasio Ortiz,* 146 F.R.D. at 40 (citing *Ayala Serrano* approvingly).

where the incident had taken place. *Ayala Serrano*, 909 F.2d at 12–13. Consequently, the Circuit found that Lebrón must have received notice of the inmate's suit within the limitations period. *Id.* at 13.

In the prisoner-police officer context, an identity of interest has also been found where newly added police officers remained in active duty and participated in an administrative investigation of the alleged incident regarding the prisoner, *Ocasio Ortiz*, 146 F.R.D. at 40–41, and where the original defendants shared legal counsel with the newly named officers. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998).

█ In the case at bar, Plaintiff's original pro-se complaint names Defendants AOC and Ruíz–Sárraga in the caption, and Defendants Rosado Latorre, Pérez Soler, and two unnamed officers who worked at the Detention Center in western Mayagüez in the body of the complaint. *Docket Document No. 1.* Moving Defendants were either employees or officers of the AOC during the time in question. *See, e.g., Docket Documents Nos. 14, 37, and 38.* Also, after the date that Plaintiff alleges that he was attacked in retaliation for asserting his First Amendment rights, almost all Defendants continued working for the AOC, and most of these continued working at the detention facility at Sabana Hoyos. *Docket Document No. 101* .[7] Additionally, Defendants admit that most of them participated in an internal investigation concerning the incident with Plaintiff.

*Id.* Crucially for our analysis, however, only Defendants López–Ruiz and López–Rojas were allegedly present during the purported physical assault on Plaintiff. *Docket Document No. 14.*[8]

Consequently, with the exception of Defendants López–Ruiz and López–Rojas, we find that it is not reasonable to assume that Defendants who were newly named in the first amended complaint had constructive notice of Plaintiff's suit during the time period prescribed by Rule 15(c)(3). *Cf. Ayala Serrano*, 909 F.2d at 12–13 (finding, inter alia, that moving defendant was present at the time of the alleged constitutional violation); *Ocasio Ortiz*, 146 F.R.D. at 40 (same).

### c. *Knowledge of a Mistake in Identity*

█ For Plaintiff to be able to add Defendants López–Ruiz and López–Rojas pursuant to Rule 15(c)(3), the third requirement, knowledge of a mistake in identity, must also be satisfied. FED.R.CIV.P. 15(c)(3). To fulfill this element,

[t]he amendment's proponent must show not only that he made a mistake anent the proper party's identity, but also the later-named party, within the prescribed time limit, knew or should have known that, but for this mistake, the action would have been brought against [him].

*Leonard*, 219 F.3d at 28.

█ In the case before us, Defendants López–Ruiz and López–Rojas allegedly participated in the beating of Plaintiff. *Docket Document No. 14.* Although the

---

7. Defendants' brief was submitted in compliance with our April 20, 2001 Order asking the parties to address the identity of interest issue. *Docket Document No. 99.*

8. Defendants López–Ruiz and López–Rojas deny being present at the time Plaintiff was allegedly beaten. *Docket Document No. 39* . However, given that Defendants have not

proffered evidence to the contrary, we resolve factual disputes in favor of the party opposing the summary judgement motion, in this case, Plaintiff. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 ("The evidence of the non-movant is to be believed, and all reasonable inferences are to be drawn in his favor.") (citation omitted).

original complaint, which Plaintiff filed pro se, does not list Defendants López–Ruiz and López–Rojas in the caption nor identify them by name in the text of the complaint, the text of the complaint does mention that two unnamed officers from the Detention Center in western Mayagüez joined in the alleged attack on Plaintiff. *Docket Document No. 1*. Defendants López–Ruiz and López–Rojas were Custody Officers from the Detention Center in western Mayagüez working at Sabana Hoyos on the date of Plaintiff's alleged beating. *Docket Document No. 14*.

Consequently, we find that Defendants López–Ruiz and López–Rojas reasonably should have known that but for a mistake in identity, they would have been named in the original complaint. *See Sendobry v. Michael*, 160 F.R.D. 471, 473 (M.D.Pa. 1995) ("A party who participated in conduct described in a complaint should reasonably expect to be named regardless of whether the caption refers to that party as 'John Doe' or as an 'unnamed defendant'."); *cf. Leonard*, 219 F.3d at 28 (finding that the person who had engaged in the conduct which is alleged in the original complaint knew or should have known about the mistake in identity); *In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.*, 815 F.Supp. 620, 646 (S.D.N.Y.1993) (" '[I]dentity of interests has also served as [a] touchstone for determining whether a new party knew or should have known that

"but for" a mistake in identity, he would have been sued in the first instance.' ") (citation omitted).

Since under Rule 15(c)(3) Plaintiff would not be allowed to add remaining Moving Defendants, we now consider the applicability of Rule 15(c)(1).

### 2. *Rule 15(c)(1)*

■ Plaintiff argues that pursuant to Fed.R.Civ.P. 15(c)(1), he may take advantage of state law to add Moving Defendants as joint tortfeasors with the AOC and Ruíz–Sárraga even though, under Fed.R.Civ.P. 15(c)(3), he may not do so. *Docket Document No. 77*.

Moving Defendants reject this argument. *Docket Document No. 70*. Assuming that Puerto Rico law would permit the addition of the newly-named Defendants, Defendants posit that Puerto Rico law, operating through Rule 15(c)(1), conflicts with a federal procedural rule, namely Fed.R.Civ.P. 15(c)(3). *Id.* As such, Defendants contend that cases such as *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and *McIntosh v. Antonino*, 71 F.3d 29 (1st Cir.1995), among others, instruct that the federal rule trumps the local rule. *Id.* Relatedly, Defendants posit that Rule 15(c)(1) is inapplicable in this section 1983 case because 42 U.S.C. § 1988 (1988) [9] requires that the applica-

---

9. Section 1988 reads:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable

remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C. § 1988.

tion of state law be not inconsistent with federal law. *Id.*

Defendants are mistaken. We first discuss the net effect of Rule 15(c)(1) and then explicate why its application in this case is consistent with prevailing federal law.

Pursuant to Rule 15(c)(1), a plaintiff may amend a pleading to add new defendants if "relation back is permitted by the law that provides the statute of limitations applicable to the action." FED.R.CIV.P. 15(c)(1). As we noted above, Puerto Rico state law controls the running of the statute of limitations. It also governs the tolling of the prescribed period. *Rivera–Ramos,* 156 F.3d at 282 ("For section 1983 actions, federal law governs the date on which a cause of action accrues (i.e., when the statute begins to run) while the length of the period and tolling doctrine are taken from local law.") (citation omitted).

Accordingly, pursuant to Article 1874 of the Puerto Rico Civil Code, "the interruption of prescription against one defendant also tolls the statute against any other defendants who are solidarily liable with the first." [10] *Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De P.R., Inc.,* 142 F.3d 1, 4 (1st Cir.1998); 31 L.P.R.A. § 5304 (1991) ("Interruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors."). However, "tolling is effective with regard only to identical causes of action." *Rodriguez Narvaez,* 895 F.2d at 43 (citations omitted).

Hence, for Plaintiff to be able to add Moving Defendants through the relation back principle of Rule 15(c)(1), two conditions must be met: Moving Defendants must be solidarily liable under Puerto Rico law; and Plaintiff's first amended complaint must assert identical causes of action against Moving Defendants as Plaintiff's original complaint asserted against Defendants AOC and Ruíz–Sárraga.

The Puerto Rico Supreme Court has held that joint tortfeasors are solidarily liable. *Tokyo Marine,* 142 F.3d at 6 (reviewing the Puerto Rico Supreme Court's discussion in *Arroyo v. Hosp. La Concepción,* 130 P.R.Dec. 596, 608, 1992 WL 755630 (1992), of Article 1802 of the Puerto Rico Civil Code). "Under article 1802, when the negligent acts of more than one person have adequately caused a harm, each such person is a joint tortfeasor who is liable in full to the plaintiff for the harm caused." *Id.*

Here, Plaintiff has alleged that Defendants are jointly and severally liable for the injuries and harms which he suffered. *Docket Document No. 14.* If Plaintiff can meet his evidentiary burdens with respect to each Defendant, those Defendants who have been found liable by the jury would be solidarily liable. Thus, we find that pursuant to Article 1874 of the Puerto Rico Civil Code, Plaintiff's timely filing of his section 1983 complaint against Defendants AOC and Ruíz–Sárraga interrupted the prescription of his section 1983 suit against Moving Defendants. *See Tokyo Marine,* 142 F.3d at 6–7 (citation omitted).

We pause to note that joint and several liability as well as solidarity, as defined for Article 1874 purposes, do not mean that the establishment of one defendant's liability facilitates or somehow alters the standard for finding the liability of any other defendant who is jointly and severally liable to the one initially found liable. *See Tokyo Marine,* 142 F.3d at 6 ("[S]olidarity

---

**10.** The term "solidarily liable" refers to joint and several liability. *See Tokyo Marine,* 142

F.3d at 4 n. 1.

does not presuppose that the scope or source of liability is identical for each solidary debtor. To the contrary, . . . solidary debtors may be obligated to different degrees."). Joint and several liability refers instead to the apportionment of damages or contribution. *Id.; see also* BLACK'S LAW DICTIONARY 926 (7th ed.1999) (defining solidary liability as "[t]he liability of any one debtor among two or more joint debtors to pay the entire debt if the creditor so chooses.").

We next consider whether the original complaint and the first amended complaint assert identical causes of action against Defendants.

Originally, Plaintiff brought a pro-se section 1983 suit against Defendants AOC and Ruíz–Sárraga, alleging that they, in conjunction with Defendants Rosado Latorre and Pérez Soler, physically assaulted him in retaliation for Plaintiff having attempted to file a complaint with this court. *Docket Document No. 1.* In his first amended complaint, Plaintiff, this time represented by counsel, again brought a section 1983 action alleging the same incident. *Docket Document No. 14.* The first amended complaint alleges that Defendants, with the exception of Defendants López–Ruiz and López–Rojas, violated Plaintiff's constitutional right to be free from cruel and unusual punishment and his First Amendment right to access the courts and press. *Id.* Since Plaintiff is asserting identical causes of action, Moving Defendants could be held solidarily liable with Defendants AOC and Ruíz–Sárraga for purposes of tolling the running of the statute of limitations pursuant to 31 L.P.R.A. § 5304. Therefore, Plaintiff could properly add in his first amended complaint remaining Moving Defendants to his action pursuant to Rule 15(c)(1).

This result is consistent with the intent and purpose of Rule 15(c)(1). Recently enacted through the 1991 Amendments to Rule 15, Rule 15(c)(1) is "intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." FED.R.CIV.P. 15 advisory committee's note. Hence, regardless of whether the controlling body of limitations law is federal or state in nature, "if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Id.* (citing *Marshall v. Mulrenin,* 508 F.2d 39 (1st Cir.1974)); *see Ocasio Ortiz,* 146 F.R.D. at 39 (citing 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1503 (2d ed. 1990 Supp.1992)). The application of Rule 15(c)(1) in this case permits the addition of those Moving Defendants who would otherwise not be included through the operation of Rule 15(c)(3) or the identity of interest principle.

Additionally, the application of Rule 15(c)(1) in the case at bar is not inconsistent with the precedent of the United States Supreme Court or the First Circuit. In *Marshall v. Mulrenin,* the First Circuit considered whether a Massachusetts statute, which allowed the addition of parties through amended pleadings, controlled in a case in which a federal procedural rule disallowed the addition. *Mulrenin,* 508 F.2d at 40–41. The Circuit concluded that the state rule governed. *Id.* at 44. The First Circuit reasoned that the Supreme Court in *Hanna v. Plumer* recognized that despite a direct conflict between a federal and state rule, the federal procedural rule should not be applied when doing so would undermine the substantive purpose of the nominally procedural state rule. *Id.* at 44 ("It merely means that a [federal] rule is not to be applied to the extent, if any, that it would defeat rights arising from state

substantive law as distinguished from state procedure.").

We apply *Mulrenin*'s reasoning to this case. *Cf. Pessotti v. Eagle Mfg. Co.,* 946 F.2d 974, 980 n. 6 (1st Cir.1991) (recognizing that *Mulrenin* remains good law after the 1991 amendments to Rule 15(c)). The First Circuit has acknowledged that the rules governing Puerto Rico's statute of limitations have a substantive, rather than procedural, foundation. *Rodriguez Narvaez,* 895 F.2d at 43 ("[T]he rules governing the limitations of actions form part of the substantive, not procedural, law of Puerto Rico.") *(citations omitted).* Thus, despite the opposite consequences of Rule 15(c)(3), Plaintiff may rely on Puerto Rico's tolling provisions, operating through Rule 15(c)(1), to add the remaining Moving Defendants.

Defendants also principally rely on *McIntosh v. Antonino,* 71 F.3d 29 (1st Cir.1995), for their opposition to the use of Rule 15(c)(1). *Docket Document No. 70. McIntosh,* however, concerns, inter alia, the applicability of a state rule regarding filing by mail. *McIntosh,* 71 F.3d at 36–37. It is not a case which addresses the relation back rules of FED.R.CIV.P. 15(c). Therefore, we find it distinguishable from the present case.

Similarly, Defendants' argument regarding 42 U.S.C. § 1988 falters. As we have discussed, the application of Rule 15(c)(1) is not inconsistent with federal law. Accordingly, its application in this case does not run counter to section 1988.

In sum, Plaintiff properly added Defendants López–Ruiz and López–Rojas pursuant to Rule 15(c)(3), and remaining Moving Defendants pursuant to Rule 15(c)(1).

## B. *Relation Back of Claims*

 Defendants maintain that the state law claims which Plaintiff asserts in the amended complaints are time-barred by the applicable state statute of limitations, and that the original complaint did not serve to toll this limitations period. *Docket Document No. 70.* Plaintiff retorts that the state law claims which he first raised in the amended complaint relate back to the original complaint because they arise from the same transaction and occurrence. *Docket Document No. 77.*

Rule 15(c) permits the amendment of an original complaint to add new claims as long as "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED .R.CIV.P. 15(c)(2). This rule reflects the policy objective of ensuring that defendants have constructive notice of potential, related claims in a timely fashion. *Drakatos v. R.B. Denison, Inc.,* 493 F.Supp. 942, 946 n. 6 (D.Conn. 1980) ("Rule 15(c) is based on a theory of constructive notice."). Thus, the limitations period for amended claims is irrelevant. *Miller v. Amer. Heavy Lift Shipping,* 231 F.3d 242, 248 (6th Cir.2000).

> [O]nce litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set ' forth in the original pleading.

*Id.* (quoting *Brown v. Shaner,* 172 F.3d 927, 932 (6th Cir.1999)); *see also, e.g., Merican Curtis, Inc. v. Meg–Na Transp., Inc.,* No. 83–6525, 1986 WL 10291 (S.D.N.Y. Sept. 10, 1986) (citations omitted); *Drakatos,* 493 F.Supp. at 946 ("The amendment is deemed to have been asserted at the time of the original complaint; whether or not the statute of limitations

has elapsed since that time is immaterial.").

Here, Plaintiff asserted in his original complaint that several corrections officials physically assaulted him on November 11, 1998, as a consequence of Plaintiff having attempted to file a complaint in federal court. *Docket Document No. 1*. Plaintiff's amended complaint of February 3, 2000, asseverates that the alleged beating on November 11, 1998, by Defendants constitutes cruel and unusual treatment of him in violation of, inter alia, the Constitution and laws of Puerto Rico.[11] Since the claims in the original and amended complaints arise out of the same transaction and occurrence, "[t]here is no reason to apply a statute of limitations when, as here, [Defendants have] had notice from the beginning that [Plaintiff] was trying to enforce a claim against [them] because of the events leading up to [the alleged attack]." *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465 (1945). Consequently, the state law claims asserted in the amended complaint, *Docket Document No. 14*, relate back to the original complaint. *Docket Document No. 1*.

## C. *Lawyer Misconduct*

 During our review of the record, including the briefs submitted by the parties in support of their positions regarding Defendants' summary judgement motion, we noticed that counsel for Plaintiff, José Ramón Olmo Rodríguez, filed an opposition to the summary judgement motion which plagiarizes full pages of *Ortiz v.*

*Colon*, No. 96–1153, slip op. at 2–7 (D.P.R. Feb. 11, 2000). *See Docket Document No. 77*. We found not a single citation to *Ortiz*, but did notice adjustments in the appropriate places which were commensurate with the facts of Plaintiff's case. In fact, by our estimation, approximately sixty-six percent of the brief is a verbatim reproduction of the Judge Casellas' Opinion and Order. *See id.* This behavior is reprehensible.

 It is well established that federal courts possess those inherent powers which "are necessary to the exercise of all others." *United States v. Hudson*, 11 (7 Cranch) U.S. 32, 34, 3 L.Ed. 259 (1812). Part of the court's inherent power is the authority to sanction counsel for misconduct and to "assess expenses . . . against counsel who willfully abuse [the] judicial process." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *see also Ramos Colon v. United States Attorney for Dist. of P.R.*, 576 F.2d 1, 3 (1st Cir.1978) (quoting *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 888 (5th Cir.1968) ("[T]he inherent power of the court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.")); *United States v. Kouri–Pérez*, 8 F.Supp.2d 133, 140 (D.P.R.1998) (reprimanding defense counsel for inappropriate behavior and imposing monetary fine of $4,000), *appeal dismissed*, 187 F.3d 1, 14 (1st Cir.1999).

---

**11.** Plaintiff's amended complaint states that his cause of action arises under, inter alia, "the Constitution and laws of the Commonwealth of Puerto Rico, in particular 31 L.P.R.A. § 1802." *Docket Document No. 14*. Section 1802 of Title 31 of the Laws of Puerto Rico, however, concerns dangerous or noxious constructions. *See* 31 L.P.R.A. § 1802. We assume this is an error on Plaintiff's be-

half, as section 1802 does not remotely implicate the facts of this case and, thus, would not relate back pursuant to Fᴇᴅ R.Cɪᴠ.P. 15(c)(2). Nonetheless, Plaintiff's claims for cruel and unusual punishment and denial of access to the courts under corresponding Puerto Rico law remain and do relate back to the original complaint, as per the accompanying text to this footnote.

We find counsel's behavior to be intolerable. In addition to the self-evident reasons for denouncing this practice, the impugnable brief was a disservice to Plaintiff, counsel's client, and this court, as it did not fully address all the arguments raised in Defendants' motion for summary judgement.

In the future, we expect counsel to maintain the highest standards of integrity in all of his representations with this court. We will not treat so gingerly further lapses in his judgement.

## IV.

### *Conclusion*

In accordance with the foregoing, we **DENY** Defendants' motions for summary judgement. This Opinion and Order disposes of *Docket Documents Nos. 70, 71, 72, and 75.*

**IT IS SO ORDERED.**