**Johanna SIGROS and Sophie Sigros, Plaintiffs,**

v.

**WALT DISNEY WORLD, CO., Walt Disney Parks and Resorts, LLC and John Doe, Defendants.**

No. CIV.A. 99–40201–NMG.

United States District Court, D. Massachusetts.

March 6, 2002.

Henry R. Simonelli, Simonelli & Associates, Southbridge, MA, for Johanna Sigros, Sophie Sigros, Plaintiffs.

Jeffrey S. Follett, Paul Bork, Foley, Hoag & Eliot, Boston, MA, for Walt Disney World Co., Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On November 29, 1999, Massachusetts residents, Sophie Sigros ("Sophie") and her daughter, Johanna Sigros ("Johanna"), filed a fifteen-count complaint against the defendants, Walt Disney World Co. ("WDW"), Walt Disney World Hospitality & Recreation Corporation ("HRC"), and WDW's employee, John Doe, alleging various state-law tort claims as well as violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 § *et seq.* Plaintiffs' claims arise out of injuries suffered by Johanna while the plaintiffs were vacationing in Florida at a resort owned by WDW. The plaintiffs contend that this Court has subject matter jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332(a)(1).

### I. *Background*

Sophie and Johanna stayed at the Caribbean Beach Resort ("Caribbean Beach") in Lake Buena Vista, Florida, which is allegedly operated by WDW. On or about November 29, 1996, Sophie and Johanna ate dinner at the Captain's Tavern, also allegedly operated by WDW, on the Caribbean Beach property. The Captain's Tavern is equipped with a handicap ramp. Sophie, feeling that Johanna's electric wheelchair was too heavy for her to control while

going down the ramp, asked employee, "John Doe", to assist Johanna while leaving the restaurant.[1] As John Doe was helping Johanna down the ramp, he lost control of her wheelchair and it crashed at the bottom of the ramp. As a result of the accident, Johanna fractured her right tibia and suffered other alleged physical and emotional damages. Sophie also claims to have suffered emotional distress as Johanna's caregiver.

The plaintiffs filed an amended complaint ("the Amended Complaint") on January 12, 2000 in which they allege, among other things: 1) negligence and negligent infliction of emotional distress by John Doe, 2) negligence, negligent supervision and negligent infliction of emotional distress by HRC, 3) negligence, negligent supervision and negligent infliction of emotional distress by WDW, and 4) various violations of the Americans with Disabilities Act by WDW and HRC.

On January 8, 2001, the Court entered an order allowing, in part, and denying, in part, defendants' motion to dismiss the amended complaint. Specifically, the Court allowed the defendants' motion to dismiss the claims against HRC, denied the motion to dismiss the claims against WDW and denied the defendants' motion to transfer venue.

In its memorandum in opposition to defendants' motion to dismiss the amended complaint, plaintiffs alerted the Court to the existence of a potential additional defendant, Walt Disney Attractions, LLC, f/k/a Walt Disney Attractions, Inc. ("WDA"). On February 28, 2001, plaintiffs filed a motion to amend the Amended Complaint to add defendant, Walt Disney Parks and Resorts, LLC ("WDPR"), a successor entity to WDA.

On June 26, 2001, this Court allowed the motion partly on the basis that it had noted in its January 8, 2001 Order that WDA ought to be a party to the action. On the same date, the plaintiffs filed a Second Amended Complaint alleging, in seventeen counts, 1) negligence and negligent infliction of emotional distress against employee John Doe, 2) negligence, negligent infliction of emotional distress, negligent supervision, intentional infliction of emotional distress, violation of the American with Disabilities Act, breach of contract and unfair and deceptive trade practices against WDW and WDPR.

Currently pending before the Court is defendants' motion to dismiss the Second Amended Complaint or, in the alternative, to transfer venue (Docket No. 44) and plaintiffs' motion to continue discovery (Docket No. 49).

## II. *Analysis*

### A. Defendants' motion to dismiss

The defendants seek to dismiss the Second Amended Complaint, in part, on the grounds that it is time-barred with respect to WDPR and the plaintiffs' new claims.

### 1. Plaintiffs' Tort, Breach of Contract and Chapter 93A Claims

■ Under Massachusetts law, tort claims are subject to a three-year statute of limitations. M.G.L. c. 260 § 2A. Tort claims accrue on the date of the injury which, in this case, was November 29, 1996. *Gore v. Daniel O'Connell's Sons, Inc.*, 17 Mass.App.Ct. 645, 647, 461 N.E.2d 256 (1984) (date of injury is date limitations period begins to run). Because plaintiffs filed the Second Amended Complaint on February 28, 2001, unless subject to an exception, the tort claims against

---

1. The originally unidentified employee has since been identified as Michael Steele but no motion has been filed to add him as a party-defendant.

WDPR fall outside the three-year statute of limitations.

■■■ Where a plaintiff asserts claims against a new defendant beyond the statute of limitations period, such claims are not time-barred if they relate back to the original complaint so as to place the added defendants in the same position as the original defendants. *Jimenez v. Toledo,* 604 F.2d 99, 100 (1st Cir.1979). To determine whether a claim relates back to the original claim, the court must apply the relation-back rules of the state that provides the statute of limitations. Fed. R.Civ.P. 15(c)(1); *Marshall v. Mulrenin,* 508 F.2d 39, 45 (1st Cir.1974); *Schultz v. Rhode Island Trust National Bank, N.A., et al.,* No. 88–2870, 1993 U.S. Dist. LEXIS 20110, *14 (D.Mass.); *Velez v. Laboy Alvarado,* 145 F.Supp.2d 146, 157 (D.P.R.2001).

The Massachusetts rule regarding relation-back is substantially more liberal than Fed.R.Civ.P. 15 and provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

Mass. R. Civ. P. 15(c). The liberal rule in Massachusetts reflects a substantive policy of allowing plaintiffs to add transaction-related defendants allegedly liable for the injury giving rise to the original cause of action even though the claims against those plaintiffs would be time-barred but for relation-back. *Schultz,* 1993 U.S. Dist. LEXIS 20110, at 15; *Covel v. Safetech, Inc.,* 90 F.R.D. 427, 429 (D.Mass.1981).

In the instant case, the original and amended complaints asserted several claims arising from Johanna's accident but did not name WDPR as a defendant. Because the claims against WDPR arise out of the occurrence set forth in the original complaint, the tort claims against WDPR are not time-barred.

The three-year statute of limitations for tort claims also applies to plaintiffs' claim for breach of contract. *Pagliuca v. City of Boston,* 35 Mass.App.Ct. 820, 823, 626 N.E.2d 625 (1994) (three-year statute of limitation period applies to breach of contract claims where the "gravamen of the complaint is that the defendant has caused plaintiff a personal injury"). Because the claim arises out of the occurrence described in the original complaint, however, it is not time-barred under Mass. R. Civ. P. 15(c) with respect to WDPR or WDW. For the same reason, plaintiffs' claim for violation of M.G.L. c. 93A is likewise timely.

### 2. Plaintiffs' Claims for Violation of the Americans with Disabilities Act ("ADA")

■■■ The ADA claims are not time-barred as against WDPR because they also relate back to the original complaint. The Massachusetts statute of limitations for personal injury actions provides the limitations period for plaintiffs' ADA claims. *Downs v. Massachusetts Bay Transportation Authority,* 13 F.Supp.2d 130, 136 (D.Mass.1998). Accordingly, the liberal Massachusetts relation-back rule applies to plaintiffs' ADA claims. *Laboy Alvarado,* 145 F.Supp.2d at 157–58 (applying relation-back rule of Puerto Rico to plaintiffs' § 1983 claims because Puerto Rico law controls the running of the statute of limitations). Because plaintiffs' ADA claims against WDPR relate back to the occurrence alleged in the original complaint, they are not time-barred.

Defendants assert, in the alternative, that plaintiffs claims under the ADA must be dismissed because money damages are not available to private plaintiffs under

that statute. They are correct. Compensatory damages are not available to private plaintiffs under Title III of the ADA. *See* 42 U.S.C. § 12188; 28 C.F.R. 36.504; *Guckenberger v. Boston University*, 974 F.Supp. 106, 152 (D.Mass.1997). Accordingly, plaintiffs' claims for violation of the ADA will be dismissed with respect to their requests for money damages under the ADA. To the extent plaintiffs' ADA claims seek injunctive relief they will not be dismissed.

**B. Defendants' Motion to Transfer Venue**

■ Defendants seek, in the alternative, a transfer of venue to the United States District Court for the Middle District of Florida. Defendants have previously filed a motion to transfer in this case on identical grounds which this Court denied on January 8, 2001. Defendants offer no new facts or arguments since the prior motion to transfer venue and the current motion will, therefore, be summarily denied.

**C. Plaintiffs' Motion to Continue Discovery**

■ The plaintiffs filed a motion to continue discovery on November 30, 2001 seeking an enlargement of time to complete discovery. Specifically, they request that the discovery deadline be extended to 60 days after defendant WDPR answers the plaintiffs' complaint. Defendants oppose the motion, in part, in that they would agree to a brief continuation of discovery limited to WDPR in the event the Court denies their motion to dismiss.

Pursuant to the Court's scheduling order dated June 26, 2001, discovery was to be completed by November 30, 2001. The Court may modify the scheduling order upon good cause shown. Fed.R.Civ.P. 16(b). Plaintiffs state that they have good cause because 1) discovery thus far has led to outstanding issues such as documents not produced by WDW and incomplete information and 2) the two Disney defendants are closely intertwined.

Defendants assert that plaintiffs' statement that there are outstanding discovery disputes is dishonest. WDW claims that it has produced all documents it agreed to produce except for a procedures manual that is subject to trade protection. WDW offered to produce excerpts from the manual but plaintiffs have allegedly failed to draft a confidentiality order. WDW also contends that plaintiffs have noticed depositions of WDW and WDPR employees to occur on short notice at the offices of plaintiffs' counsel. WDW and WDPR have not agreed to such depositions.

The plaintiffs have demonstrated good cause for extending the discovery deadline. The motion to continue was timely filed and identified outstanding issues that would likely create the need for further discovery. There is nothing in the record indicating that the plaintiffs' need for an extension arises from any lack of diligence on their part. The plaintiffs have added a new corporate defendant in this case which is closely related to WDW. It is likely that discovery responses from WDPR will require further discovery from WDW.

**ORDER**

For the reasons set forth in the Memorandum above:

1) Defendants' motion to dismiss (Docket No. 44) is ALLOWED, in part, in that plaintiffs' claims for compensatory damages for violation of the ADA are hereby dismissed and is otherwise DENIED;

2) Defendants' motion to transfer venue (Docket No. 44) is DENIED; and

3) Plaintiffs' motion to continue discovery (Docket No. 49) is ALLOWED;

discovery may be continued and will be completed sixty (60) days after the filing of defendants' answer to the Second Amended complaint.

So ordered.