Glenn P. LACEDRA, Plaintiff,

v.

DONALD W. WYATT DETENTION FA-
CILITY; Cornell Corrections Corp;
Cornell Corrections of Rhode Island,
Inc.; Chief Wayne Salisbury; Jean
Singleton; Lieutenant Sharon John-
son; and other known and unknown
employees of the Cornell Corporation,
et al, Defendants.

C.A. No. 99–458L.

United States District Court,
D. Rhode Island.

Sept. 13, 2004.

Glenn P. LaCedra, Revenue, MA, Pro se.

Dennis T. Grieco, II, Gidley, Sarli & Marusak, Providence, RI, for Defendants.

### DECISION AND ORDER

LAGUEUX, Senior District Judge.

This case involves constitutional claims filed by Glenn P. LaCedra ("Plaintiff"). He alleges that while he was incarcerated at the Donald W. Wyatt Detention Facility ("Wyatt Facility"), Defendants, Cornell Corrections Corporation, Cornell Corrections of Rhode Island, Inc. ("Cornell Defendants"), Chief Wayne Salisbury ("Salisbury"); Jean Singleton ("Singleton"); Lieutenant Sharon Johnson ("Johnson"), and other known and unknown employees of the Cornell Defendants deprived him of his rights under the First, Fourth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Plaintiff presents this Court with statutory causes of action under 42 U.S.C. §§ 1981 and 1983 and also appears to assert claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)(hereinafter *"Bivens"*). *See Am. Compl.*, at para. 5 (alleging that Defendants acted in their official capacity under

the color of law prescribed to them by the United States Marshals Service and the Federal Government). The matter is here on the Cornell Defendants' objection to a Report and Recommendation issued by Magistrate Judge David L. Martin on January 16, 2001, pertaining to Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Cornell Defendants' additional motion to dismiss pursuant to Federal Rules 12(b)(2),(4), and (5)for lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process.

Judge Martin recommended that this Court grant the motion to dismiss all claims against Salisbury, Johnson, and Singleton on statute of limitations grounds. *Report & Recommendation,* at 28–29. As to the Cornell Defendants, Judge Martin recommended that this Court grant the motion to dismiss Plaintiff's claims based on exposure to second-hand smoke and his claims under 42 U.S.C. §§ 1981 and 1983, but deny the motion to dismiss Plaintiff's *Bivens* claims and his constitutional claims based on violations of Plaintiff's privacy rights by female officers. *Id.,* at 29. Judge Martin also recommended that the Cornell Defendants' motions to dismiss pursuant to Rules 12(b)(2),(4), and (5) be denied and that the Wyatt Facility be dismissed from this litigation. *Id.*

The Cornell Defendants objected to the Report and Recommendation, arguing that their motion to dismiss should be granted in toto because the claims set forth against them in the Amended Complaint do not relate back to the date that the original Complaint was filed and, therefore, are barred by the statute of limitations. *Mem. of Law in Supp. Of Defs.' Cornell Corrs. of R.I., Inc. & Cornell Corrections, Corp., Objection to the Report & Recommenda-* *tion of Jan. 16, 2001,* (hereinafter *Cornell Defs.' Mem.*) at 1. Alternatively they argue that, in any event, Plaintiff cannot assert *Bivens* claims against them.

For the reasons that follow, this Court agrees with Judge Martin's conclusion that the Amended Complaint satisfies the requirements set forth in Rule 15(c)(3) of the Federal Rules of Civil Procedure and relates back to the date that Plaintiff filed his original Complaint. Therefore, the claims asserted against the Cornell Defendants are not time barred and that objection to the Report and Recommendation is overruled. Since Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1983 and *Bivens* remain against the Cornell Defendants, this Court must also address Judge Martin's conclusions regarding the validity of those claims.

This writer agrees with Judge Martin's conclusion that Plaintiff is unable to state a claim for relief pursuant to 42 U.S.C. § 1981 against the Cornell Defendants. However, this Court disagrees with Judge Martin's conclusion that Plaintiff has no cause of action pursuant to 42 U.S.C. § 1983, but does have viable *Bivens* claims including a constitutional claim for violation of his privacy rights. Therefore, this Court writes separately on each claim in order to expound upon this subject matter and bring a modicum of clarification to this muddled area of the law. The final result in the present case is that judgment will be entered for all Defendants on Plaintiff's Amended Complaint.

## I. Background and Procedural History

Plaintiff, Glenn P. LaCedra, is a Massachusetts resident who was confined at the Wyatt Facility in Central Falls, Rhode Island, from January 26, 1996, until April 6, 1997. Plaintiff was detained at the Wyatt Facility while awaiting trial in the United States District Court for the District of

Massachusetts in the case of *United States v. Glenn P. LaCedra*. The trial took place between late September and early October 1996. Plaintiff was convicted, sentenced to a lengthy prison term and then incarcerated at F.M.C. Devens in Ayer, Massachusetts.

### The Creation of the Wyatt Facility

█ The Wyatt Facility is a unique creature of state law.[1] On July 11, 1991, the Rhode Island General Assembly passed the Municipal Detention Facility Corporations Act ("MDFCA"), R.I. Gen. Laws § 45–54–1, *et seq* (1991). The MDFCA's purpose was to promote economic development in Rhode Island by allowing the construction of a prison which would provide the United States Marshals Service with space to house federal pretrial detainees. The MDFCA authorized a municipality to create a corporation that would own and operate a detention facility.

The Central Falls City Council passed a resolution that adopted a plan enabling the City of Central Falls to construct a prison facility pursuant to the MDFCA. That City created the Central Falls Detention Facility Corporation ("CFDFC") which became the owner of the Wyatt Facility. Although the CFDFC is characterized as an instrumentality and agency of the City of Central Falls, it is a public corporation with a legal existence distinct from the City.

The CFDFC is a public corporation with five members on its board of directors who are appointed by the Mayor of the City of Central Falls and serve on a voluntary basis. The CFDFC is not part of the City of Central Falls, and is only controlled by the City in two aspects. The CFDFC must follow the City's procurement requirements with respect to any non-federal contracts that the CFDFC enters into, and the City may informally transfer property to the CFDFC if needed.

After receiving financing for the construction of the Wyatt Facility from the Rhode Island Port Authority, the CFDFC contracted with Cornell Corrections, Inc., a private corporation, to employ a staff and conduct daily operations at the Wyatt Facility. This contract gave Cornell Corrections[2] the exclusive use, possession, control of and authority to operate the Wyatt Facility. The CFDFC also made an arrangement with the United States Marshals Service to house federal pretrial detainees on a per diem basis at the Wyatt Facility. At times, state prisoners are also incarcerated there. The CFDFC opened the prison in 1993 and named it the Donald W. Wyatt Detention Center in honor of the then United States Marshal for the District of Rhode Island who was a moving force in its creation.

### Plaintiff Begins the Instant Litigation

Plaintiff, acting pro se, filed his original Complaint on August 18, 1999, in the Unit-

1. This Court takes judicial notice of the facts used to describe the Wyatt Facility and the Central Falls Detention Facility Corporation. All of these facts were found in public documents including Rhode Island General Laws §§ 45–54–1, 45–54–2(b), 45–54–5, 45–54–6, 45–54–8(d); and Reports and Recommendations issued by Magistrate Judge Jacob Hagopian, which are available at, *Sarro v. Donald Wyatt Det. Center*, No. 00–011T, 2001 WL 210265, at *3–4 (D.R.I. Jan. 30, 2001); *Lawson v. Liburdi*, 114 F.Supp.2d 31, 33–34 (D.R.I.2000). *See Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir.1993) (citations omitted)(not-

ing that on a motion to dismiss, a court may look beyond the complaint to matters of public record and in doing so does not convert a Rule 12(b)(6) motion into a motion for summary judgment).

2. In 2000, Cornell Corrections, Inc. changed its name to Cornell Companies, Inc. and created Cornell Corrections of Rhode Island. Cornell Corrections of Rhode Island is a subsidiary of Cornell Companies, Inc. and employs the individuals who currently work at the Wyatt Facility.

ed States District Court in Massachusetts. The Complaint describes events that allegedly occurred during Plaintiff's detention at the Wyatt Facility. The original Complaint named the Wyatt Facility and its other known and unknown employees as defendants.

On September 15, 1999, Judge Nathaniel M. Gorton of that Court issued a Memorandum and Order concluding that Rhode Island was the proper venue for this case and directed that the case be transferred to this Court pursuant to 28 U.S.C. § 1406(a). The case was transferred on September 20, 1999, and it appears that the papers arrived at this Court a few days later. The case was assigned to this writer.

On February 9, 2000, Plaintiff filed a Motion for Service because he was encountering difficulties serving his Complaint on the Wyatt Facility and its known and unknown employees. This writer granted Plaintiff's Motion for Service and ordered the Clerk to sign the Summons and the United States Marshal to serve the Wyatt Facility. On February 24, 2000, the United States Marshal served the Wyatt Facility with a copy of the Summons and Complaint by delivering those documents to Salisbury, who was at the Wyatt Facility. On March 6, 2000, Plaintiff sent the Wyatt Facility courtesy copies of the Complaint, Summons, and this Court's Order of February 9, 2000.

### The Wyatt Facility and its Known and Unknown Employees are Defaulted

On March 25, 2000, Plaintiff moved for an entry of default against the Wyatt Facility and its known and unknown employees for their failure to answer or otherwise respond to the Complaint. A deputy clerk entered a default against the Wyatt Facility on March 27, 2000, and Plaintiff then moved for entry of default judgment. The CFDFC, although not a party to the case,

moved to vacate the default against the Wyatt Facility and filed objections to Plaintiff's motion for default judgment on May 19, 2000.

Magistrate Judge Martin held a hearing on these motions on June 29, 2000. During that hearing, counsel for the CFDFC argued that Plaintiff knew of the Cornell Defendants' involvement in the operation of the Wyatt Facility in 1997 and therefore had enough information to determine the proper defendants before filing his Complaint. Counsel indicated that the Cornell Defendants operate the Wyatt Facility and employ the individuals who work there on a daily basis. Both defense counsel and the Court suggested that the Cornell Defendants be named in the Complaint before any further service was effectuated.

### Judge Martin Vacates the Default Against the Wyatt Facility

Judge Martin then issued a Memorandum and Order granting the CFDFC's motion to vacate the default. Judge Martin concluded that the CFDFC did not have any employees at the Wyatt Facility and that Salisbury was never authorized to accept service of the Complaint on the CFDFC's behalf. Judge Martin also concluded that the action against the Wyatt Facility was void because the Wyatt Facility is the name of a building owned by the CFDFC and is not a legal entity, corporation, or association. Therefore, the default against the Wyatt Facility was removed.

### Plaintiff Files an Amended Complaint

Plaintiff later moved to file an Amended Complaint and Judge Martin signed an Order granting that motion on August 21, 2000. Plaintiff's Amended Complaint retained the Wyatt Facility as a Defendant and added the Cornell Defendants, Salisbury, Singleton, Johnson, and other known and unknown employees of the Cornell Corporation. Plaintiff alleges that these

Defendants acted in their official capacities and under the color of law prescribed to them by the United States Marshals Service and the Federal Government. Plaintiff also alleges that the Cornell Defendants used, possessed, and controlled the Wyatt Facility and acted jointly and severally and in cooperation and conspiracy with their employees to deprive Plaintiff of his rights under the Constitution, the laws of the United States, and the law of the State of Rhode Island. The Amended Complaint avers that this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331[3] and 1343[4] and pendant jurisdiction over any tort claims arising under Rhode Island state law.[5]

According to the Amended Complaint, Plaintiff spent the entirety of his time at the Wyatt Facility in an area called the "B pod," which overlooked the recreation yard. During that time, Plaintiff alleges that the Cornell Defendants' known and unknown employees committed the following acts while under the supervision of Salisbury, Johnson, and Singleton: 1) opening, inspecting, reading, and tampering with Plaintiff's incoming and outgoing mail without his consent; 2) recording and listening to Plaintiff's telephone calls without his consent; 3) forcing Plaintiff to use the Wyatt Facility's phone carrier, "Global-Telnet," without informing him that his conversations would be taped, listened to, and recorded for future use, and requiring Plaintiff to make only collect calls; 4) locking Plaintiff in his cell for twenty-four hours a day without a shower, phone calls, or access to legal assistance for a period of over eleven days; 5) subjecting Plaintiff to hostile and violent sentenced state prisoners; 6) failing to provide Plaintiff with nutritious meals; 7) questioning Plaintiff for up to two hours without counsel about his then cell-mate's confessions to murder and other crimes; 8) female employees watching and interrupting Plaintiff and other inmates while they showered, urinated, defecated, or cleaned themselves; 9) denying Plaintiff access to a scapular and treating Muslim, Jewish, and Heathen inmates differently than Catholic inmates; 10) providing an Assistant United States Attorney with a list of Plaintiff's visitors and personal information about those visitors, without informing or gaining the consent of Plaintiff or his visitors; 11) providing Plaintiff with unsanitary uniforms thereby exposing Plaintiff to infection and disease; 12) subjecting Plaintiff to female inmates who exposed themselves and teased the male prisoners; 13) providing substandard medical care; and 14) exposing Plaintiff to second-hand smoke (a claim added in the Amended Complaint). Plaintiff alleges that each Defendant had opportunities to prevent these acts from occurring but failed to do so, and instead, assisted in and adopted such unlawful conduct and caused injury to Plaintiff.

The main thrust of the Amended Complaint is that the above alleged actions give rise to liability under 42 U.S.C. §§ 1981 and 1983 and, presumably, *Bivens*. Plaintiff seeks $500,000.00 in compensatory

---

**3.** 28 U.S.C. § 1331 (1980) states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**4.** 28 U.S.C. § 1343(a)(3)(1979) provides the district courts with original jurisdiction over civil actions authorized by law to be commenced by any person to "redress the deprivation, under color of any State law, statute,

ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

**5.** Plaintiff's Amended Complaint does not allege any state law tort claims.

damages and punitive damages in an amount that this Court considers fair, just, and reasonable. Plaintiff also seeks attorney's fees and costs, presumably pursuant to 28 U.S.C. § 1988 (2000)(allowing the court to award attorney's fees to the prevailing party in an action brought pursuant to, among others, 42 U.S.C. §§ 1983). To the present, Plaintiff has not retained counsel and is proceeding pro se.

Salisbury, Johnson, Singleton, and the Cornell Defendants were served with Plaintiff's Amended Complaint in August of 2000. These Defendants then filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Plaintiff later responded. The Cornell Defendants also moved for dismissal under Federal Rules 12(b)(2),(4) and (5).

### Judge Martin Issues a Report and Recommendation on Defendants' Motion to Dismiss

Judge Martin held a hearing on these motions, took the matter under advisement, and issued a Report and Recommendation on January 16, 2001. Judge Martin recommended that this Court grant the motion to dismiss all claims asserted against Salisbury, Johnson, and Singleton because those claims were barred by the applicable statute of limitations and did not relate back to the date Plaintiff's original Complaint was filed. *Report & Recommendation*, at 12. Judge Martin concluded that the claims against the Cornell Defendants, except for the claim based on

exposure to second-hand smoke (which was added in the Amended Complaint), did relate back to the date of the original Complaint and therefore were not time barred. *Id.*, at 13. He then recommended that this Court grant the Cornell Defendants' motion to dismiss Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983, but deny the motion to dismiss Plaintiff's *Bivens* claims and claims based on violations of his privacy rights by female officers. *Id.*, at 14, 15, & 23. Judge Martin recommended further that this Court deny the Cornell Defendants' motion to dismiss pursuant to Rules 12(b)(2),(4), and (5) of the Federal Rules of Civil Procedure and dismiss the Wyatt Facility from the present action. *Id.*, at 23–28.

### The Cornell Defendants Object to the Report and Recommendation

The Cornell Defendants filed an objection to Judge Martin's Report and Recommendation on January 29, 2001, prior to the expiration date for filing objections set forth in Federal Rule of Civil Procedure 72(b) and Local Rule 32.[6] Although Plaintiff objected to the Cornell Defendants' objection to the Report and Recommendation, he never filed his own independent objections to Judge Martin's conclusions. After both sides filed various replies and sur-replies and were given ample time to respond to one another, this writer heard oral arguments on the Cornell Defendants' objection to the Report and Recommendation on June 20, 2003.

---

6. Plaintiff argues that the Cornell Defendants' objection to the Report and Recommendation is untimely because the Cornell Defendants received the Report and Recommendation on January 18, 2001, and filed their objection on January 29, 2001, one day after the ten day limit expired. *See Objections of Pl., Glenn P. LaCedra to Defs.' Objections to Report & Recommendation of Jan. 16, 2001*, at 1–2. However, since January 28, 2001, was a Sunday and the Court was closed, this Court concludes that it was sufficient and timely for the Cornell Defendants to file their objection the next day. *See* Fed.R.Civ.P. 6(a)(West 2004)(noting that when the last day of any period of time prescribed by the Federal or Local Rules, court order, or applicable statute falls on a Saturday, Sunday, or legal holiday, the period for filing shall run until the end of the next day that the court is open).

At that hearing, this writer opined that the Wyatt Facility was being operated under color of state law and therefore Plaintiff may be able to assert his claims under 42 U.S.C. § 1983. Since neither the Cornell Defendants nor Plaintiff had objected to the Magistrate Judge's Recommendation to dismiss the § 1983 claims, this writer requested and gave the parties thirty days to file supplemental memoranda on that issue. Both parties filed memoranda and this writer then granted Plaintiff's repeated requests for enlargements of time so that he could retain counsel. Finally, on March 1, 2004, this Court heard oral arguments on the supplemental memoranda and the Cornell Defendants' objection to the Report and Recommendation and took the matter under advisement. Again, Plaintiff appeared at the March 1, 2004, hearing pro se. These matters have been fully briefed and argued and are now in order for decision.

## II. Standards for Decision

A district court conducts a de novo review of a magistrate judge's determinations of dispositive pretrial motions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b); Local Rule 32(c)(2). A dispositive motion is one that extinguishes a party's claim or defense. *Id. See also Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 6 (1st Cir.1999)(noting that striking a plaintiff's pleadings or dismissing a counterclaim is a dispositive motion that is reviewed de novo); *Harvard Pilgrim Health Care of New England v. Thompson,* 318 F.Supp.2d 1, 6 (D.R.I.2004); *Office of the Child Advocate v. Lindgren,* 296 F.Supp.2d 178, 183 (D.R.I.2004). The Cornell Defendants' Rule 12(b)(6) motion is a dispositive motion because if granted, it will extinguish the claims set forth in Plaintiff's Amended Complaint.

When conducting a de novo review, the district court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Harvard Pilgrim,* 318 F.Supp.2d at 6; *Child Advocate,* 296 F.Supp.2d at 183; Fed.R.Civ.P. 72(b). *See also* 28 U.S.C. § 636(b)(1). The district court must actually review and weigh the evidence presented to the magistrate judge and may not merely rely on the magistrate judge's report and recommendation. *Child Advocate,* 296 F.Supp.2d at 183. *See also United States v. Raddatz,* 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Branch v. Martin,* 886 F.2d 1043, 1046 (8th Cir.1989); 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3070.2, at 382 (2d ed. 1997 & Supp.2003). The discretion that Article III requires regarding dispositive matters allows the district judge to decide the issues in any way he or she deems proper and to reject or pay no attention to the magistrate judge's findings. Wright, et al., *supra,* § 3070.2, at 378.

In the instant case, this Court must apply the standard for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on such a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. *See Cooperman v. Individual Inc.,* 171 F.3d 43, 46 (1st Cir.1999); *Figueroa v. Rivera,* 147 F.3d 77, 80 (1st Cir.1998); *Gross v. Summa Four, Inc.,* 93 F.3d 987, 991 (1st Cir. 1996). Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229,

81 L.Ed.2d 59 (1984)(citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir. 1989); 5A Wright et al., *supra,* § 1357. *See also, Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting *Conley,* and noting that a pro se complaint is held to a less stringent standard than formal pleadings drafted by counsel); *Rodi v. Ventetuolo,* 941 F.2d 22, 23 (1st Cir.1991) (citations omitted)(noting that a pro se complaint is to be read with an extra degree of solicitude).

■ However, a party's failure to raise objections to a magistrate judge's report and recommendation results in a waiver of that party's right to review in a district court. *Davet v. Maccarone,* 973 F.2d 22, 31 (1st Cir.1992) (citations omitted). *See also Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980)(concluding that a party may or may not file objections within ten days as he or she chooses, but must do so if that party wishes the district court to consider his objections); *Fenner v. Moran,* 772 F.Supp. 59, 64 (D.R.I.1991)(accepting a report and recommendation when no objections were filed and the time for filing such objections had expired). It does not appear that Congress intended that the Federal Magistrates Act would require a district court to conduct a de novo or any other review of a magistrate judge's factual or legal conclusions absent any objections to those determinations. *Thomas v. Arn,* 474 U.S. 140, 152, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Thus, a magistrate judge's findings and conclusions become that of the district court unless a specific objection is filed within a reasonable time. *Id.,* at 151, 106 S.Ct. 466(citing *Jurisdiction of U.S. Magis.: Hr'g. on S. 1283 Before the Subcomm. on Improvements in Jud. Mach. of the S. Comm. on the Judiciary,* 94th Cong., 1st Sess., at 24 (1975)). A party may not submit a procedural document in place of specific objections to a magistrate judge's conclusions in order to obtain review of those conclusions in a district court. *Eldridge v. Bowen,* 685 F.Supp. 285, 286, n. 1 (D.Me.1988).

## III. Discussion

■ Plaintiff did not file any objections to Judge Martin's Report and Recommendation and argues instead that this Court should adopt that Report and Recommendation in its entirety. *Objections of Plf. Glenn P. LaCedra to Defs.' Objection to the Report & Recommendation of Jan. 16, 2001,* (hereinafter, *Pl's.Objections* ) at 4. *See also, Pl.'s Reply to Defs.' Supplemental Mem. of Law,* at 7(admitting that he failed to object to the Report and Recommendation with regard to the dismissal of his § 1983 claims). Plaintiff argues that his Reply to the Cornell Defendants' objection to the Report and Recommendation should serve as his timely objection to Judge Martin's conclusions because he was granted additional time to file and his Reply was later accepted by this Court. *Pl.'s Supplemental Mem. as Ordered by this Court on June 29, 2003,* at 6–7. However, Plaintiff's submission of this procedural document is neither a substitute nor a cure for Plaintiff's failure to file specific objections to the Report and Recommendation within the requisite time period. *See Eldridge v. Bowen,* 685 F.Supp. 285, 286, n. 1 (D.Me.1988). *See also, Ruiz Rivera v. Riley,* 209 F.3d 24, 28 n. 2 (1st Cir.2000)(quoting *FDIC v. Anchor Props.,* 13 F.3d 27, 31 (1st Cir.1994)(explaining that a litigant's pro se status does not absolve him or her from compliance with the Federal or Local Rules of Civil Procedure)). Absent an objection by either party, Judge Martin's conclusions to dismiss all claims asserted against Salisbury, Singleton, and Johnson and the § 1981 and

1983 claims against the Cornell Defendants are not presently before this Court. This Court then turns to the Cornell Defendants' objection to Judge Martin's conclusion that Plaintiff's claims asserted in the Amended Complaint relate back to the filing of the original Complaint and therefore, are not subject to dismissal on statute of limitations grounds.

***In Order to Avoid the Time Bar Set by the Statute of Limitations, Plaintiff's Amended Complaint Must Satisfy the Requirements of Federal Rule of Civil Procedure 15(c)(3) and Relate Back to the Date that the Original Complaint was Filed.***

 This writer agrees with Judge Martin's conclusion that Rule 15(c)(3) of the Federal Rules of Civil Procedure controls whether or not the Amended Complaint that added Salisbury, Johnson, Singleton, and the Cornell Defendants to this lawsuit relates back to the filing of the original Complaint and avoids the bar set by the statute of limitations[7]. *See Report & Recommendation,* at 9(citing *Wilson v. United States,* 23 F.3d 559, 562 (1st Cir.1994)(quoting Fed.R.Civ.P. 15(c))). *See also, Velez v. Alvarado,* 145 F.Supp.2d 146, 153 (D.P.R.2001)(citing *Wilson,* 23 F.3d at 562)(noting that after the statute of limitations expires, Rule 15(c) determines whether or not a plaintiff may amend a complaint to add a defendant by relating that amended complaint back to the original one); *Ayala Serrano v. Collazo Torres,* 650 F.Supp. 722, 726 (D.P.R. 1986) (citations omitted)(noting that the doctrine of relation back is a question of federal procedure and operates independently of any state law). An amended complaint relates back to the filing of the original complaint when: 1)the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; 2)the party being added by the amendment received notice of the institution of the action within the time period specified in Federal Rule 4(m) for service of a summons and complaint and that new party will not be prejudiced in maintaining a defense on the merits; and 3)the party being added to the litigation knew or should have known that the action would have been brought against him or her but for a mistake as to the identity of the proper party. Fed. R.Civ.P. 15(c)(3); *VKK Corp. v. Nat'l. Football League,* 244 F.3d 114, 128 (2d Cir.2001); *Leonard v. Parry,* 219 F.3d 25, 28 (1st Cir.2000); *Freund v. Fleetwood Enters., Inc.,* 956 F.2d 354, 363 (1st Cir. 1992); *Velez,* 145 F.Supp.2d at 153; *Pineda v. Almacenes Pitusa, Inc.,* 982 F.Supp. 88, 96 (D.P.R.1997). When these three elements are satisfied, the amended pleading relates back to the original, meaning that it adopts the date of the original pleading for purposes of determining whether or not the statute of limitations has expired. *Ayala Serrano,* 650 F.Supp. at 725; 6A Charles Alen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 1498, at 107 (2d ed. 1990 & Supp.2004).

 The relation-back doctrine ensures that litigants do not use the statute of limitations to prevent the litigation of claims when a real party in interest received sufficient notice of the proceedings or was practically involved in the proceed-

---

7. Judge Martin concluded that Rhode Island's three year statute of limitations for personal injury actions applied to Plaintiff's claims under *Bivens* and 42 U.S.C. §§ 1981 and 1983, and that this limitations period was not tolled while Plaintiff was incarcerated. *Report & Recommendation,* at 6–9. This Court agrees and also notes that neither party objected to these conclusions.

ings from the early states of the litigation. *Pineda,* 982 F.Supp. at 97(citing *Ayala Serrano,* 650 F.Supp. at 726(quoting *Hampton v. Hanrahan,* 522 F.Supp. 140, 145 (N.D.Ill.1981))). *See also VKK Corp.,* 244 F.3d at 128(citations omitted)(noting that the goal of the relation-back principle is to prevent parties from taking unjust advantage of otherwise inconsequential pleading errors to prevail on a limitations defense); *accord Daily v. Monte,* 26 F.Supp.2d 984, 987 (E.D.Mich.1998); *Richard v. Reed,* 883 F.Supp. 107, 111 (W.D.La.1995)(citing 6A Wright, Miller & Kane, *Federal Practice & Procedure,* § 1498 (1990)). The determination of whether or not an amended pleading relates back to the date of the original is left to the discretion of the trial court. *Shea v. Esenten,* 208 F.3d 712, 720 (8th Cir.2000) (citations omitted). *See also, Williams v. United States,* 405 F.2d at 237(noting that Rule 15(c) is permissive). A trial court should exercise this discretion liberally, especially when the complaint alleges a violation of civil rights. *Ayala Serrano,* 650 F.Supp. at 726(citing *Canty v. City of Richmond Police Dep't.,* 383 F.Supp. 1396 (E.D.Va.1974), *aff'd.,* 526 F.2d 587 (4th Cir. 1975)).

### The Amended Complaint Arises out of the Same Conduct, Transaction, or Occurrence Described in the Original Complaint: Plaintiff's Incarceration at the Wyatt Facility.

Neither party objected to Judge Martin's conclusion that the first prong of the relation-back test was satisfied because, except for Plaintiff's claim regarding his exposure to second-hand smoke, the claims asserted against the Cornell Defendants arise out of the same conduct, transaction, or occurrences described in the original Complaint, that being Plaintiff's incarceration at the Wyatt Facility. *Report & Recommendation,* at 12. This writer agrees with Judge Martin and turns to the second and third prongs of the relation-back test, namely, adequate notice and mistake.

### The Cornell Defendants had Notice of the Institution of this Action and have not Demonstrated that they will Suffer Prejudice by Being Forced to Defend this Case on the Merits.

Whether or not a party added by way of an amended complaint had actual or constructive notice of the original action is the critical question in a Rule 15(c) determination. *Williams,* 405 F.2d at 236. *See also, Ayala Serrano,* 909 F.2d at 12(quoting *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)(noting that "the linchpin is notice and notice within the limitations period")).[8] In order to satisfy the notice element of Rule 15(c)(3), the party being added through an amended complaint must have received notice of the institution of the action within the time period set forth in Rule 4(m) of the Federal Rules of Civil Procedure, which is one-hundred and twenty days after the filing of the initial complaint. *See Velez,* 145 F.Supp.2d at 153; Fed.R.Civ.P. 15(c)(3)(A) & 4(m); 6A Wright, et al., *supra,* 2004 Supp. § 1498, at 22. Rule 4(m) enables the court to allow additional time for service if the plaintiff shows good cause for failing to act within the one-hundred and twenty day period.

---

8. Rule 15(c)(3) was amended in 1991 to change the result in *Schiavone v. Fortune,* with respect to the problem of a misnamed defendant. 6A Wright, et al., *supra,* § 1498, at 22. While notice remains the critical factor in a Rule 15(c)(3) determination, this notice no longer has to occur within the applicable statute of limitations period. *See* Fed. R.Civ.P. 15(c)(3) advisory committee's note to 1991 Amendments. *See also, Pineda,* 982 F.Supp. at 97(noting that notice, not service, is the determining factor in a Rule 15(c) analysis).

Fed.R.Civ.P. 4(m), advisory committee notes to the 1993 Amendments, at subdiv.(m). The requirement of timely notice serves as a yardstick for evaluating whether or not amending the complaint will cause the new defendant to suffer prejudice if he or she is forced to defend the case on the merits.[9] *Manney v. Monroe,* 151 F.Supp.2d 976, 995 (N.D.Ill.2001)(citing *Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir.1980)).

▆▆▆▆ Rule 15(c) does not require that a new party receive actual notice of the action and the Rule may be satisfied by a showing of constructive notice. *Daily,* 26 F.Supp.2d at 986 (citing *Berndt v. State of Tennessee,* 796 F.2d 879, 884 (6th Cir.1986)). The pertinent question is whether or not the new party, when viewed from the standpoint of a reasonably prudent person, should have expected that the original pleading might be altered or called into question. *Manney,* 151 F.Supp.2d at 995. *See also,* 6A Wright, et al., *supra,* § 1497, at 93(noting that the reasonable person inquiry better reflects the liberal policy of Rule 15(c)). Thus the notice must be reasonably calculated, under all of the circumstances, to apprise all interested parties of the pending action. *Felix,* 811 F.Supp. at 127 (quoting *Gleason v. McBride,* 869 F.2d 688, 692 (2d Cir. 1989)).

▆▆▆▆ Federal courts have found sufficient notice for Rule 15(c) purposes in at least three different factual situations. First, there is sufficient notice when an employee who is authorized to receive a summons does not reject a summons that names a non-existent party. *See Pineda,* 982 F.Supp. at 97 (serving a secretary authorized to receive summonses imputed knowledge to her employer that the original complaint was directed against the employer rather than a non-existent entity). Second, an original complaint may give a new defendant constructive notice of the institution of an action when the substance of the original complaint alleges that the new defendant committed the illegal acts described therein and is an official of one of the original defendants. *Daily,* 26 F.Supp.2d at 987 (citing *Doe v. Sullivan County,* 956 F.2d 545, 552 (6th Cir.1992); *Berndt v. Tennessee,* 796 F.2d 879, 884 (6th Cir.1986)). Third, a new defendant has constructive notice of an action when he or she retains the same attorney as an original defendant and that attorney should have known that the new defendant would be added to the existing lawsuit. *Byrd v. Abate,* 964 F.Supp. 140, 146 (S.D.N.Y.1997); *Felix,* 811 F.Supp. at 127–8 (quoting *Gleason,* 869 F.2d at 693); *Hodge v. Ruperto,* 739 F.Supp. 873, 881 (S.D.N.Y.1990); *Hood v. City of New York,* 739 F.Supp. 196, 199 (S.D.N.Y.1990); *Ayala Serrano,* 650 F.Supp. at 728 (citations omitted). *But see, Manney,* 151 F.Supp.2d at 999 (citing *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis,* 996 F.2d 880, 889 n. 14 (7th Cir.1993))(noting that relation back is improper when all defendants, including the newly-added defendants, share the same counsel). When a new and original defendant share the same attorney, there is no prejudice to the new defendant if the attorney was initially

---

**9.** The Cornell Defendants have not argued that their addition to this lawsuit causes them the prejudice of being deprived of a statute of limitations defense. In any event, such an argument is irrelevant because every party named under Rule 15(c) after the limitations period expires suffers from that same prejudice. *Felix v. N.Y. City Police Dep't.,* 811 F.Supp. 124, 128 (S.D.N.Y.1992). Instead, the relevant inquiry is whether the Cornell Defendants received sufficient notice so that their defense on the merits will not be prejudiced. *See, id.*

on notice to prepare the new party's defense. *Felix,* 811 F.Supp. at 128.

 There is also sufficient notice for Rule 15(c) purposes in a fourth situation; when the original and newly-added defendants share an identity of interests. *Ayala Serrano,* 909 F.2d at 12 (citing *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102 (1st Cir.1979)); *Velez,* 145 F.Supp.2d at 154; *Bowden v. Wal–Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1241–42 (M.D.Ala.2000); *Ayala Serrano,* 650 F.Supp. at 726. A new and original defendant share an identity of interests when they are so closely related in business or other activities and their interests are sufficiently aligned that it is fair to presume that the new defendant learned of the institution of the action from the original defendant. *Ayala Serrano,* 909 F.2d at 12(quoting *Hernandez Jimenez,* 604 F.2d at 102–03); *Bowden,* 124 F.Supp.2d at 1242 (citations omitted); *Ayala Serrano,* 650 F.Supp. at 726; *Bruce v. Smith,* 581 F.Supp. 902, 906 (W.D.Va.1984); 6A Wright, et al., *supra,* § 1498, at 146. The First Circuit has utilized the identity of interest concept in cases arising under 42 U.S.C. § 1983. *Velez,* 145 F.Supp.2d at 154(citing *Ayala Serrano,* 909 F.2d at 10; *Hernandez Jimenez,* 604 F.2d at 103). However, reliance on the identity of interest concept is misplaced and unnecessary when an amended complaint seeks to bring the same entity into the litigation under its proper name, rather than a separate but closely-related entity. *Pineda,* 982 F.Supp. at 97.

 Judge Martin concluded that the second prong of the relation-back test was satisfied because the Cornell Defendants

received notice of the institution of this action within the time period set forth in Rule 4(m) such that it would not be prejudicial to require the Cornell Defendants to defend the case after the statute of limitations expired. *Report & Recommendation,* at 12–13. Judge Martin concluded that the notice requirement was satisfied by Plaintiff's service of the original Complaint upon the Wyatt Facility on February 4, 2000. *Report & Recommendation,* at 12. This service occurred more than one-hundred and twenty days after Plaintiff filed his original Complaint.[10] However, given Plaintiff's pro se status and this Court's grant of Plaintiff's Motion for Service, Judge Martin opined that the period of time under Rule 15(c)(3) during which the Cornell Defendants must have received notice of this action was extended, as provided for in Rule 4(m), until at least February 24, 2000, the date that the United States Marshal served the Wyatt Facility. *Id.,* at 12–13. He also found that serving Salisbury with the original Complaint gave the Cornell Defendants sufficient notice of the institution of Plaintiff's action because of Salisbury's position as "Chief" or "Captain" at the Wyatt Facility. *Report & Recommendation,* at 13.

This Court finds no error in the above conclusions for several reasons. First, Salisbury, an employee of the Cornell Defendants, accepted service of the original Complaint even though it named a nonexistent entity, the Wyatt Facility, as a defendant. Second, the substance of the original complaint indicates that Plaintiff intended to sue the entity in charge of daily operations at the Wyatt Facility and the employer of the individuals who alleg-

10. Judge Martin noted that Plaintiff signed his original Complaint on August 16, 1999, and that it was received by the District Court in Massachusetts on August 18, 1999. *Report & Recommendation,* at 9, n. 6. He treated the Amended Complaint as having been filed on July 25, 2000, the date that Plaintiff filed his "Renewed Motion to Take Leave in Order to Amend Plaintiff's Complaint." *Id.,* at n. 7.

edly violated Plaintiff's constitutional rights. Third, the Cornell Defendants had constructive notice of the institution of this action because they share the same attorney as the original defendants. Fourth, the Cornell Defendants have not shown that they will be prejudiced if this Court requires them to now defend against Plaintiff's claims.

As to the first reason, although the Cornell Defendants maintain that they do not have an officer or agent at the Wyatt Facility, they employ Chief Salisbury who received and did not reject service of the original Complaint, which contained the name of a non-existent entity, the Donald W. Wyatt Detention Center. It is reasonable to infer that Chief Salisbury notified his superiors that he had been served with the Complaint and that those superiors were the Cornell Defendants who employed Salisbury, rather than the non-existent entity named in the original Complaint. Therefore, the Cornell Defendants had adequate notice of the institution of this action within the time period prescribed by the Federal Rules.

Second, despite Plaintiff's pro se draftsmanship, the substance of his original Complaint makes it clear that Plaintiff intended to sue the entity in charge of daily operations at the Wyatt Facility and the employer of the individuals who committed the alleged violations of his constitutional rights. *See Ayala Serrano*, 909 F.2d at 12 (noting that the pleadings of pro se litigants are to be liberally construed). *See also Legal Compl.*, at paras 1 & 7–22. That entity is Cornell Corrections and not the Donald W. Wyatt Detention Facility, which is only the name of the building in which Plaintiff was incarcerated. Since the substance of the original Complaint pertains to the Cornell Defendants, that original Complaint was reasonably calculated under the circumstances to apprise all interested parties, including the Cornell Defendants, of the pending action.

As to the third reason, the Cornell Defendants had constructive notice of the institution of this action because they share an attorney with the original Defendants. Each Defendant in this action is represented by Dennis T. Grieco, Esq., who should have known that the Cornell Defendants would eventually become parties to this litigation given this Court's previous findings that "Wyatt" was the name of a building rather than an entity amenable to suit, as well as his own representations that the Cornell Defendants run the Wyatt Facility and employ the individuals who work there on a daily basis. *See Report & Recommendation*, at 26–27 (quoting *Tr. of June 29, 2000 Hr'g.*, at 17). In addition, Plaintiff does not need to utilize the "identity of interests" concept because the Amended Complaint presents a situation in which Plaintiff seeks to bring the same entity into this lawsuit but, this time, under its proper name. *See Pineda*, 982 F.Supp. at 97 (noting that reliance on the identity of interests concept is unnecessary when an amended complaint seeks to bring in the same, rather than a closely-related, entity under its proper name).

Finally, the Cornell Defendants have not demonstrated any prejudice because they are required to defend the case at this point in the litigation. *See Ayala Serrano*, 650 F.Supp. at 727 (finding that the notice requirement of Rule 15(c)(3) was satisfied when the defendant had not demonstrated any prejudice in maintaining a defense due to an alleged lack of notice). There is no indication that crucial witnesses are unavailable, that evidence has been destroyed, or of any personal inconvenience to the Cornell Defendants. *See id.* Given these circumstances and the fact that the Cornell Defendants received constructive notice of this action within the applicable

time period, this Court is unable to find any prejudice resulting from the delay in adding the Cornell Defendants to this lawsuit. For all of these reasons, this Court concludes that the Cornell Defendants received sufficient notice of the institution of the present action within the time period provided for in Rule 4(m) and thus, will not be prejudiced by having to defend this lawsuit even though the statute of limitations has expired.

***Plaintiff's Original Complaint Mistakenly Named a Non–Existent Entity Rather Than the Cornell Defendants and the Substance of that Complaint Gave the Cornell Defendants Notice that Plaintiff Would Have Initially Named them as Defendants but for this Mistake.***

■ The final element of the relation-back doctrine requires Plaintiff to show that the Cornell Defendants knew or should have known that Plaintiff would have brought this action against them but for Plaintiff's mistake as to the identity of the proper defendants. Fed.R.Civ.P. 15(c)(3)(B); *Leonard,* 219 F.3d at 28; *Felix,* 811 F.Supp. at 128(citing *Kilkenny v. Arco Marine Inc.,* 800 F.2d 853, 857 (9th Cir.1986)) This final element is designed to resolve the problem of a misnamed defendant and allow a party to correct a formal defect in his or her pleadings, such as a misnomer or misidentification. *Preston v. Settle Down Enters., Inc.,* 90 F.Supp.2d 1267, 1277 (N.D.Ga.2000)(citing Fed. R.Civ.P. 15(c)(3), Advisory Committee Notes to 1991 Amendment); *accord Manney,* 151 F.Supp.2d at 996; *Taylor v. City of Winnfield,* 191 F.R.D. 511, 514 (W.D.La. 2000); *Byrd,* 964 F.Supp. at 145. Judge Martin concluded that the service of the original Complaint upon the Wyatt Facility by placing the Complaint in Salisbury's hands gave notice to the Cornell Defendants such that they knew or should have known, but for Plaintiff's mistake concerning the identity of the proper party, he would have initially brought this action against the Cornell Defendants. *Report & Recommendation,* at 13.

The Cornell Defendants object to this conclusion and argue that Plaintiff's failure to initially name them as defendants was not a case of mistaken identity but rather a conscious choice to exclude the Cornell Defendants from this litigation. *Cornell Defs.' Mem.,* at 9. They assert that Plaintiff knew of the Cornell Defendants' involvement in the operation of the Wyatt Facility before he filed the original Complaint and deliberately chose not to investigate that involvement or bring the Cornell Defendants into this litigation before the statute of limitations expired. *Id.* Therefore, the Cornell Defendants argue, the Amended Complaint does not relate back pursuant to Rule 15(c)(3). Given the leniency afforded to pro se litigants and this Court's conclusion that Plaintiff mistakenly named the Wyatt Facility instead of the Cornell Defendants in his original Complaint, this Court agrees with Judge Martin and finds that the final criterion for relation back has been satisfied.

■ A misnomer is a mistake in naming a person, place, or thing, especially in a legal instrument, *Black's Law Dictionary,* at 1015 (7th ed.1999); while a mistake is an incorrect action or statement that follows from faulty judgment, inadequate knowledge, or inattention. *Leonard,* 219 F.3d at 28(citing *Webster's Ninth New Collegiate Dictionary,* at 760 (1983)). *See also Black's Law Dictionary,* 1017 (7th ed.1999)(defining mistake as "an error, misconception, or misunderstanding; an erroneous belief"). By definition, every mistake involves an element of negligence, carelessness, or fault and the language of Rule 15(c)(3) does not distinguish among types of mistakes concerning identity.

*Leonard,* 219 F.3d at 29. Thus, the Rule encompasses both easily avoidable and serendipitous mistakes. *Id.* For example, naming a non-existent federal agency or a retired officer are mistakes covered by Rule 15(c)(3) even though reasonable diligence will almost always prevent these mistakes from occurring. *Id.*(citing Fed. R.Civ.P. 15 advisory committee's note (1966 Amendment)). *See also VKK Corp.,* 244 F.3d at 129(naming a non-existent entity was a mistake within the meaning of Rule 15(c)(3)); *William H. McGee & Co. v. M/V Ming Plenty,* 164 F.R.D. 601, 606 (S.D.N.Y.1995)(holding that the misidentification of similarly-named or related companies presents the "classic case" for the application of the relation—back principle set forth in Rule 15(c)).

■■■ The inquiry into whether or not a mistake occurred is objective and requires the court to consider the totality of the circumstances and the relevant facts at issue. *Bowden,* 124 F.Supp.2d at 1242. The court must inquire into what the plaintiff knew, or thought he or she knew, at the time the original pleading was filed. *Leonard,* 219 F.3d at 29(citing *Wells v. HBO & Co.,* 813 F.Supp. 1561, 1567 (N.D.Ga.1992)). Knowledge that a plaintiff acquired after filing an original complaint carries no weight in this determination. *Id.* (citing *Kilkenny,* 800 F.2d at 856). Post-filing events, including inaction despite new information, may be relevant to the extent that such events shed light on the plaintiff's state of mind at the time the original complaint was filed or inform the added party's reasonable belief as to why the plaintiff omitted that party from the original complaint. *Id.* at 30.

The totality of the circumstances presented in this case indicate that Plaintiff's naming of the Donald W. Wyatt Detention Facility rather than the Cornell Defendants was a mistake and that the notice to the Cornell Defendants was sufficient so that those Defendants should have known that, but for this mistake, Plaintiff would have named them in the original Complaint. In initially naming the Wyatt Facility, Plaintiff mistakenly made the name of a building, a non-existent entity, a defendant in this case. *See Sarro v. Cornell Corrections, Inc.,* 248 F.Supp.2d 52, 62 n. 2 (D.R.I.2003)(noting that the Wyatt Facility is not a legal entity that may be sued). *See also Freund. v. Fleetwood Enters., Inc.,* 956 F.2d 354, 361 (1st Cir.1992)(discussing a motion to amend after the plaintiff originally named an entity with no legal existence that was nothing more than a name). This incorrect action followed from Plaintiff's erroneous belief that the Wyatt Facility was an entity amenable to suit and in charge of daily operations during the time of Plaintiff's incarceration. Moreover, Plaintiff's mistake was due in part to the fact that he was misled by the staff at the Wyatt Facility, including Salisbury who told Plaintiff that the Cornell Defendants had an ownership interest in the facility but refused to reveal the Cornell Defendants' address or location. *See GSI Lumonics, Inc. v. Biodiscovery Inc.,.* 112 F.Supp.2d 99, 104 (D.Mass.2000)(noting that an amended complaint relates back when it arises out of a plaintiff's reasonable mistake that was based on misleading or inaccurate assertions of ownership by a defendant). At Plaintiff's request, a Gina McCarthy called the Wyatt Facility and was told by the receptionist that the Wyatt Facility and Cornell Corrections share the same address and phone number and are "one in the same." *Aff. of Gina McCarthy,* at paras. 2 & 3, attached to *Pl.'s Mot. to Take Leave in Order to Am. Pl.'s Compl.* These facts, when taken together, lead this writer to conclude that when Plaintiff filed his original Complaint he intended to and thought that he was suing the entity in charge of daily opera-

tions at the Wyatt Facility and the employer of the prison guards with whom he interacted, but made a reasonable mistake and named a non-existent entity rather than the Cornell Defendants.

This is not a situation in which Plaintiff lacked knowledge of the proper party. *See Leonard,* 219 F.3d at 31(citing *Wilson v. United States,* 23 F.3d 559, 563 (1st Cir.1994))(noting that there is no mistake when a plaintiff merely lacks knowledge of the proper party such that he or she intends to sue one party, does so, and that person or entity turns out to be the wrong party). *See also King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir.2000) (citations omitted)(holding that Rule 15(c)(3) provides for relation back only to correct the mistakes made by a plaintiff suing official bodies in determining the proper defendant and not where the plaintiff fails to identify the proper party); *Worthington v. Wilson,* 8 F.3d 1253, 1257–58 (7th Cir.1993)(affirming a decision preventing the plaintiff from utilizing the relation-back doctrine where the initial failure to name the new defendants stemmed from a lack of knowledge of their identities and not a mistake in their names); *accord Manney,* 151 F.Supp.2d at 996; *Taylor,* 191 F.R.D. at 514. Rather, Plaintiff admitted that while he was at the Wyatt Facility, Salisbury told him that the Cornell Defendants owned the Wyatt building. *Report & Recommendation,* at 26 (quoting *Tr. of June 29, 2000 Hr'g.,* at 8–9; *Cornell Defs.' Mem.,* at Ex. D, p. 4. Despite this knowledge, there is no evidence to indicate that Plaintiff made a deliberate decision not to sue the Cornell Defendants and to proceed against the Wyatt Facility instead. *See Leonard,* 219 F.3d at 29 (quoting *Wells v. HBO & Co.,* 813 F.Supp. 1561, 1567 (N.D.Ga.1992))(holding that a mistake does not include a deliberate decision not to sue a party whose identity the plaintiff knew

from the outset); *accord Shea,* 208 F.3d at 720. *See also,* 6A Wright, et al., *supra,* § 1498, at 142 (2d ed. 1990 & 2004 Pocket Part)(noting that notwithstanding adequate notice to the new party, an amendment substituting the proper party will not be allowed when the plaintiff's inexcusable neglect was responsible for the failure to name the correct party). This is not a case in which Plaintiff intended to sue Wyatt, did so, and then turned out to be incorrect. Rather, given that the body of Plaintiff's Complaint indicates that he sought to impose liability on the entity responsible for employing the prison officials and overseeing the daily operations of the Wyatt Facility and the leniency afforded to prisoners proceeding pro se, this Court concludes that when Plaintiff filed his original Complaint, he intended and thought he was suing that entity. However, in reality, Plaintiff mistakenly named as a Defendant, the "Donald W. Wyatt Detention Center," the name of a building and a non-existent entity that did not employ Salisbury, Singleton, Johnson, or any other prison official. Therefore, this writer agrees with Judge Martin's conclusion that the Cornell Defendants received sufficient notice of this action and should have known that Plaintiff would have named them in his original Complaint but for his mistake.

For these reasons, this Court overrules the Cornell Defendants' objection to Judge Martin's conclusion that the claims asserted against the Cornell Defendants in Plaintiff's Amended Complaint relate back to the filing of the original Complaint and therefore, are not barred by the statute of limitations. There has been no dispute that the Amended Complaint arises out of the same transactions or occurrences as the original Complaint, that being Plaintiff's incarceration at the Wyatt Facility. Given the service on Salisbury, as well as

the facts that the body of the original Complaint essentially refers to the Cornell Defendants, all of the Defendants in this lawsuit share the same attorney and that Plaintiff mistakenly named a non-existent entity in his original Complaint, this Court concludes that the Cornell Defendants received adequate notice of this action within the extended time period provided for in Rule 4(m) and will therefore, not be prejudiced in being forced to defend the instant case on the merits. Finally, the notice was such that the Cornell Defendants should have known that Plaintiff would have sued them originally but for his mistake in naming the Wyatt Facility rather than the Cornell Defendants. Therefore, Plaintiff satisfies the requirements for relation back set forth in Rule 15(c)(3) and may use his Amended Complaint to correct the misnomer or misidentification that plagues his original Complaint and avoid the bar set by the three year statute of limitations applicable to cases brought pursuant to 42 U.S.C. §§ 1981 and 1983 and *Bivens*. Since these claims are not time barred, this Court now turns to the issue of whether or not Plaintiff has presented viable claims for relief against the Cornell Defendants.

### *Plaintiff's Claims Against the Cornell Defendants Pursuant to 42 U.S.C. § 1981 Must be Dismissed Because Plaintiff did not Allege any Discrimination Based on Race.*

This Court agrees with Judge Martin's conclusion to dismiss Plaintiff's claims brought under 42 U.S.C. § 1981 because Plaintiff's failure to allege that any Defendant discriminated against him based on his race precludes Plaintiff from stating a claim upon which relief can be granted under § 1981. *Report & Recommendation*, at 14. A plaintiff must allege

facts to support three elements in order to establish a claim under 42 U.S.C. § 1981: 1)the plaintiff is a member of a racial minority; 2)the defendant intended to discriminate against the plaintiff based on the plaintiff's race; and 3)the discrimination concerned an activity enumerated by the statute. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993) (citations omitted); *Olivera v. Town of Woodbury*, 281 F.Supp.2d 674, 684 (S.D.N.Y.2003). *See also* 42 U.S.C. § 1981 (1991)(listing the activities covered by the statute). A claim arises under Section 1981 when a plaintiff is deprived of the full and equal benefits of the law and proceedings that are afforded to Caucasian citizens. *Olivera*, 281 F.Supp.2d at 684 (citations omitted). Therefore, it is essential that a plaintiff establish that the defendant's actions were purposefully discriminatory and racially motivated. *Id.*(citing *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir.1988)).

This Court needs to look no further than the first element required to state a claim under 42 U.S.C. § 1981 to conclude that Plaintiff's § 1981 claims must be dismissed for failure to state a claim upon which relief can be granted. The Amended Complaint does not allege that Plaintiff is a member of a racial minority. *See Am. Compl.* In addition, Plaintiff's § 1981 claim fails on the second element because while Plaintiff alleges religious discrimination against Catholics, he does not make any allegations of racial discrimination. *See Am. Compl.*, at para. 16. *See also United States v. Cruikshank*, 92 U.S. 542, 555, 2 Otto 542, 23 L.Ed. 588 (1875)(noting that there is no question presented under the Civil Rights Act of 1866 [11] when there were no allegations that the wrong contemplat-

---

**11.** 42 U.S.C. § 1981 was enacted as Section 1 of the Civil Rights Act of 1866, 14 Stat. 27.

*Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir.1984).

ed against the plaintiffs was on account of their race or color). Therefore, this Court agrees with Judge Martin that Plaintiff is unable to state any § 1981 claims against the Cornell Defendants and therefore those claims must be dismissed.

**Plaintiff's Bivens Claims Must be Dismissed Because the Cornell Defendants are Private Corporations and are not Federal Agents.**

██ Judge Martin concluded that the Cornell Defendants' status as private entities did not preclude Plaintiff from stating *Bivens* claims against those Defendants. *Report & Recommendation,* at 16. The Cornell Defendants disagree and argue that their private status protects them from Plaintiff's *Bivens* claims based on the Supreme Court's decision in *Correctional Services Corporation v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). *Supplemental Mem. of Law of Defs.' Cornell Corrs. of R.I., Inc., Cornell Corrs. Corp., Wayne Salisbury, Jean Singleton, & Sharon Johnson as Req. by the Ct. on June 20, 2003,* (hereinafter, *Defs.' Supplemental Mem.*) at 24. This Court agrees with the Cornell Defendants and concludes that Plaintiff does not have *Bivens* claims against those private corporations because they are clearly not federal agents.

**The Supreme Court has limited Bivens to Claims of Constitutional Violations by Federal Officers.**

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* the Supreme Court created a federal cause of action for money damages against *federal agents* for alleged constitutional violations. 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)(emphasis added); *Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Erwin Chemerinsky, *Federal Jurisdiction,* § 9.1.2, at 570 (3d ed.1999). Despite its initial activism in creating this cause of

action, the Supreme Court has since responded cautiously to invitations to extend a *Bivens* remedy in new contexts and in fact, has done so only twice. *Malesko,* 534 U.S. at 67–8, 70, 122 S.Ct. 515(noting that since *Carlson,* the Court has consistently refused to extend *Bivens* liability to any new context or category of defendants); *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)(quoting *Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)); *See also Carlson,* 446 U.S. at 18, 100 S.Ct. 1468(finding a *Bivens* cause of action for violations of the Eighth Amendment's guarantee against cruel and unusual punishment); *Davis v. Passman,* 442 U.S. 228, 242, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)(extending *Bivens* to provide a remedy for violations of the Fifth Amendment's Due Process Clause). *See also* Joseph G. Cook & John R. Sobieski, Jr., *Civil Rights Actions,* § 14.02, at 14–24, 14–25 (2003)(noting that *Bivens* has been limited to causes of action against federal officials who act under the authority of federal law).

██ In order to state a *Bivens* cause of action, a plaintiff must show that the defendants: 1)are federal agents; 2)act under color of their authority; and 3)engage in unconstitutional conduct. *See Bivens,* 403 U.S. at 389, 91 S.Ct. 1999; Cook & Sobieski, *supra,* § 14.02[A], at 14–25. At the very least, the defendants must be federal agents. *See generally, Carlson,* 446 U.S. at 18, 100 S.Ct. 1468; *Butz v. Economou,* 438 U.S. 478, 503, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)(both explaining that a *Bivens* remedy is available to a victim of a constitutional violation by a federal agent); *Mathis v. Pac. Gas & Elec. Co.,* 75 F.3d 498, 503 (9th Cir.1996)(finding that it was error not to dismiss a *Bivens* claim absent proof that the defendant was an agent of the federal government); *Vec-*

*tor Research Inc. v. Howard & Howard Attorneys*, 76 F.3d 692, 698 (6th Cir.1996)(holding that the plaintiffs alleged enough facts on the issue of whether the defendants were federal agents to survive a motion to dismiss their *Bivens* claim); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir.1990)(affirming a denial of leave to amend to add a *Bivens* claim against attorneys whose appointments by a federal court do not make them federal officials); *Wagner v. Metro. Nashville Airport Auth.*, 772 F.2d 227, 230 (6th Cir.1985)(affirming the dismissal of a *Bivens* claim because the plaintiffs did not allege that the defendants were federal agents); *Beard v. Mitchell*, 604 F.2d 485, 489 (7th Cir.1979)(*Bivens* suit brought against a federal agent); *Fletcher v. R.I. Hosp. Trust Nat'l. Bank*, 496 F.2d 927, 932, n. 8 (1st Cir.1974)(noting that there is no *Bivens* cause of action against private parties acting under color of federal law or custom); *Miller v. Suffolk County House of Corr.*, No. 01–11331, 2002 WL 31194866, at *4 (D.Mass. Sept. 27, 2002)(dismissing a *Bivens* claim because it was brought against state officials and not against any federal defendants); *Lipsett v. Univ. of P.R.*, 576 F.Supp. 1217, 1221 (D.P.R.1983)(noting that *Bivens* recognized a cause of action for damages against federal officers). *But see*, Erwin Chemerinsky, *Federal Jurisdiction*, § 9.1, at 589 (3d ed.1999)(noting that although the weight of authority seems to favor *Bivens* suits against private individuals acting under color of federal law, the Circuit Courts are split on the question and the Supreme Court has not so extended this principle).

Although the rationales and standards regarding state and federal action for purposes of suits pursuant to 42 U.S.C. § 1983 and *Bivens*, are often applied interchangeably, *see Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir.1987), federal courts have clearly dis-tinguished these two remedies for constitutional violations by applying § 1983 to actions by state officials and *Bivens* to similar actions by federal officials. *See Butz*, 438 U.S. at 500, 503, 98 S.Ct. 2894; *Carlson*, 446 U.S. at 25, 100 S.Ct. 1468; *Wigginton v. Centracchio*, 205 F.3d 504, 511–12 (1st Cir.2000); *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir.1999)(quoting *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir.1990))(noting that a *Bivens* action is almost identical to one brought under 42 U.S.C. § 1983, except that the former is maintained against federal officials while the latter is against state officials); *Wright v. Park*, 5 F.3d 586, 591 (1st Cir.1993); *Roman v. Townsend*, 48 F.Supp.2d 100, 104 (D.P.R.1999). *See also Meuse v. Pane*, 322 F.Supp.2d 36, 39 (D.Mass.2004), *available at*, 322 F.Supp.2d at 37(noting that the plaintiff did not have a § 1983 claim against officials of the Federal Bureau of Investigation or a *Bivens* claim against a private entity); *accord Inmates of MDC Guaynabo v. Franco*, 896 F.Supp. 248, 250 (D.P.R.1995).

The Supreme Court's decisions in *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), and *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001), further indicate that *Bivens* claims are limited to the actions of federal officers and will not be extended. Since the purpose of *Bivens* was to deter a federal *officer*, the Supreme Court has refused to expand the category of defendants to whom a *Bivens* cause of action applies to encompass federal agencies or private corporations. *Meyer*, 510 U.S. at 473, 485, 114 S.Ct. 996(emphasis in the original); *Malesko*, 534 U.S. at 70–71, 122 S.Ct. 515. The Supreme Court reasoned that extending *Bivens* to include suits against private corporate defendants would compromise

the initial purpose of the *Bivens* doctrine because it would lead plaintiffs to focus their collection efforts on corporate entities rather than on the individuals who are directly responsible for the alleged injuries. *Malesko,* 534 U.S. at 70–71, 122 S.Ct. 515.

### The Malesko Decision is Dispositive of Plaintiff's Bivens Claims Against the Cornell Defendants.

The Supreme Court's *Malesko* decision is dispositive of Plaintiff's *Bivens* claims. Like the defendant in *Malesko,* the Cornell Defendants are private corporations. Since the Supreme Court was unwilling to find a *Bivens* cause of action against a private corporation operating a halfway house under a contract with the Federal Bureau of Prisons, this Court sees no reason to allow an extension of *Bivens* to encompass the Cornell Defendants, who are private corporations acting under a contract with the CFDFC, a creature of Rhode Island law. Unlike the numerous cases cited above in which the courts allowed *Bivens* actions to proceed, the Cornell Defendants are neither individual officers nor federal agents. Allowing Plaintiff's *Bivens* claims to proceed against these private corporations would shift this Court's focus from the individuals directly responsible for the alleged constitutional violations to private corporations, thereby contradicting the precedent and policies set by the Supreme Court. *See Stoutt v. Banco Popular de Puerto Rico,* 320 F.3d 26, 33 (1st Cir.2003)(citing *Malesko,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456)(noting that the Supreme Court has limited *Bivens* by refusing to extend it to private entities acting under color of federal law). Instead, this Court chooses to follow *Malesko* and concludes that Plaintiff is unable to maintain a *Bivens* cause of action against the private, corporate Cornell De-

fendants. *See Meuse,* 322 F.Supp.2d at 38, *available at,* 322 F.Supp.2d at 38 (citing *Malesko* and holding that a *Bivens* claim is not available against a private entity even if that entity acts under color of federal law); *Peoples v. CCA Det. Ctr.,* No. 03–3129, 2004 WL 74317, at *4 (D.Kan. Jan. 15, 2004)(holding that *Malesko* precludes Plaintiff's *Bivens* claim against a corporation); *accord Sarro v. Cornell Corrections, Inc.,* 248 F.Supp.2d 52, 62 (D.R.I.2003); *Howe v. Bank for Int'l. Settlements,* 194 F.Supp.2d 6, 30 (D.Mass.2002); James Wm. Moore, 17A *Moore's Federal Practice,* § 124.41[2][b] (3d ed.2004).

### Alternatively, the Availability of a Remedy under 42 U.S.C. § 1983 Requires this Court to Hesitate in Extending Bivens to Cover Causes of Action Against Private Individuals or Entities.

■ Even absent the mandate of the *Malesko* decision, this Court would not allow Plaintiff's *Bivens* claims to proceed because doing so would cause an unwarranted extension of *Bivens* to include causes of action against private individuals or entities. When there is a request for the judicial creation of a damages remedy arising under the Constitution, as is the case here, *Bivens* instructs this Court to proceed with caution. *Kostka v. Hogg,* 560 F.2d 37, 42 (1st Cir.1977). This Court must carefully assess the existing remedies and consider the extent to which Congress or the courts have determined that a *Bivens* remedy should be unavailable in cases such as the one before this Court. *Id.* (citing *Comtronics v. PRTC,* 553 F.2d 701, 707 (1st Cir.1977)).

■ The determination of whether or not to imply a *Bivens* remedy turns on whether there are special factors counseling hesitation absent an affirmative action by Congress, explicit statutory prohibitions against the relief sought, and/or ex-

clusive statutory alternatives. *Bivens*, 403 U.S. at 396–97, 91 S.Ct. 1999; *Schweiker*, 108 S.Ct. at 2467; *Bush*, 103 S.Ct. at 2411; *Kostka*, 560 F.2d at 42; *Sarro*, 248 F.Supp.2d at 57 (citing *Bush*, 462 U.S. at 374–78, 103 S.Ct. 2404). In this case, all three considerations are intertwined because, while there is no explicit statutory prohibition against the relief Plaintiff seeks, there is a statutory alternative, 42 U.S.C. § 1983. Coupled with the fact of the Cornell Defendants' private status, the existence of a statutory alternative provides an additional factor supporting the Court's decision not to extend *Bivens*. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 696–97 (6th Cir.2002)(noting that an existing comprehensive legislative scheme that provides a meaningful remedy is a special factor counseling hesitation in implying a *Bivens* cause of action); *Zerilli v. The Evening News Ass'n.*, 628 F.2d 217, 224 (D.C.Cir.1980)(noting that the defendant's private status should counsel similar hesitation). *See also Molina v. Richardson*, 578 F.2d 846, 853 (9th Cir.1978) (citations omitted)(noting that a plaintiff with a statutory cause of action directly under the Constitution (42 U.S.C. § 1983) was in a different position than the plaintiff in *Bivens*, where it was damages or nothing). *But see, Sarro*, 248 F.Supp.2d at 61 (noting that Congress has not provided any comprehensive scheme or meaningful alternative remedy to inmates at privately operated prisons).

Section 1983 derives from the Civil Rights Act of 1871, also known as the Ku Klux Klan Act of 1871, and was created to curb unconstitutional behavior by state officials. *Bell*, 746 F.2d at 1232; Rodney E. Smolla, *Civil Rights Actions*, § 14.2 (3d ed.2001)(citing *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)); Erwin Chemerinsky, *supra*, § 8.2, at 454–55; Cook & Sobieski, *supra*, § 1.27 (2004)(citing Cong. Globe, 42d Cong., 1st Sess. 244 (1871)(noting that the Ku Klux Klan Act grew out of President Grant's request for legislation to correct the evils that were beyond the control of state authorities)). Thus, the purpose of 42 U.S.C. § 1983 was to place the federal courts between the states and their citizens so that the courts could protect citizens from unconstitutional actions committed under color of state law. *Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (citations omitted). In order to establish a cause of action under Section 1983, a plaintiff must allege the violation of a right protected by the Constitution or laws of the United States and demonstrate that the defendant acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).[12] A defendant acts under color of state law for purposes of 42 U.S.C. § 1983 when: 1)there is a close nexus between the state and the defendant, *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Rodriguez–Garcia v. Davila*, 904 F.2d 90, 97 (1st Cir.1990); 2)the state and a private defendant are interdependent such that the state must be recognized as a joint participant in the challenged activity, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721–22, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); or 3)the state delegates

---

12. 42 U.S.C. § 1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

authority to the defendant with respect to a public function that is traditionally the exclusive prerogative of the state. *Rendell–Baker v. Kohn,* 457 U.S. 830, 842, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Ponce v. Basketball Fed'n. of P.R.,* 760 F.2d 375, 381 (1st Cir.1985).

The plaintiff in *Bivens* was unable to assert a claim under 42 U.S.C. § 1983 because agents of the Federal Bureau of Narcotics, and not state officials, entered the plaintiff's apartment and allegedly used unreasonable force to arrest him without a warrant or probable cause. *Bivens,* 403 U.S. at 389, 91 S.Ct. 1999. Traditional common law tort remedies were also unavailable to the plaintiff in *Bivens* due to the doctrine of sovereign immunity. *See id.,* at 410, 91 S.Ct. 1999 (Harlan, J., concurring). Absent any alternative statutory or common law remedies, the Court was forced to create a new cause of action because, as Justice Harlan stated, "for people in Bivens' shoes, it is damages or nothing." *Id.* at 410, 91 S.Ct. 1999.

■ The instant case is distinguishable in that Plaintiff had an adequate remedy available to him under 42 U.S.C. § 1983 because Defendants acted under color of state law when they performed the traditional public function of prison operations. *See Rodriguez–Garcia,* 904 F.2d at 98(noting that conducting prison operations is a public function despite privatization and that action under color of state law may be found). *See also Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996)(noting that private prison guards acted under color of state law for purposes of § 1983); *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 102 (6th Cir.1991)(noting that a private corporation operating a prison acted under color of state law for purposes of § 1983). The availability of this relief precludes this Court from implying a *Bivens* cause of action against the Cornell Defendants.

*See Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir.1982)(noting that the alternative remedy available under 42 U.S.C. § 1983 was an adequate substitute for and precluded the implication of a direct constitutional cause of action against state officials); *Jackson v. District of Columbia,* 672 F.Supp. 22, 28 (D.D.C.1987)(noting that the plaintiff's *Bivens* claims were foreclosed by the alternative remedy available under 42 U.S.C. § 1983); *Bagley v. Hoopes,* No. 81–1126, 1985 WL 17643, at *6 (D.Mass. Aug. 6, 1985)(noting that there is no need to imply a constitutional cause of action when relief is available under § 1983); *accord Leite v. City of Providence,* 463 F.Supp. 585, 587 (D.R.I.1978); Cook & Sobieski, *supra,* § 14.02[B], at 14–27.

■ Plaintiff has an available remedy under 42 U.S.C. § 1983 because Defendants acted under color of state law when they carried on the traditional public function of prison operations at the Wyatt Facility. In enacting the Municipal Detention Facility Corporations Act, the Rhode Island General Assembly delegated the traditional public function of prison operations to a municipality, which then created a corporation to own and operate a detention facility. *See* R.I. Gen. Laws §§ 45–54–1, 45–54–2(c). That municipality was the City of Central Falls. The Central Falls City Council adopted a plan to create the Central Falls Detention Facility Corporation, ("CFDFC") which became the owner and operator of the Wyatt Facility. R.I. Gen. Laws § 45–54–2. The CFDFC received financing to construct the Wyatt Facility from the Rhode Island Port Authority, and by contract, delegated its authority to operate the prison to the Cornell Defendants.

The Cornell Defendants and the individuals they employ act under color of state law for purposes of 42 U.S.C. § 1983 be-

cause they are able to trace their traditional public function of prison operations to the CFDFC, the City of Central Falls, and finally, to the State of Rhode Island. The fact that Plaintiff was incarcerated at the Wyatt Facility while awaiting a federal trial is fortuitous because the officials who committed the alleged constitutional violations derived their authority over Plaintiff from state rather than federal law.[13] Thus, the proper cause of action against these Defendants is under 42 U.S.C. § 1983. The availability of relief under 42 U.S.C. § 1983 distinguishes this case from *Bivens* and provides the statutory alternative and special factor that counsels this Court's hesitation and guides its decision that Plaintiff does not have a *Bivens* cause of action against any Defendant in this case.[14] *See Kostka,* 560 F.2d at 42 (noting that the availability of a remedy under 42 U.S.C. § 1983 distinguished the case from *Bivens* and may render a *Bivens* analysis inappropriate).

This writer respectfully disagrees with the decision in *Sarro v. Cornell Corrections, Inc.,* 248 F.Supp.2d 52, 61 (D.R.I.2003)(authored by my esteemed col-

league Chief Judge Torres), to allow a *Bivens* claim to proceed against private individuals, the correctional officers at the Wyatt Facility. The *Sarro* Court treated the *Bivens* requirements that the defendants be federal officials and act under color of federal law as interchangeable. *See,* 248 F.Supp.2d at 59 (holding that "*Bivens* applies to constitutional violations committed by private parties only if they act 'under color of federal law;' or put another way, only if the parties are 'federal actors' "). However, the requirements are not interchangeable, but are two separate elements that must be met in order to maintain a *Bivens* cause of action. *See Bivens,* 403 U.S. at 389, 91 S.Ct. 1999 (holding that constitutional violations by federal agents who act under color of their authority give rise to a cause of action for damages). In this case, an analysis of whether or not any Defendant acted under color of federal law is unnecessary because all of the Defendants are private actors and therefore had no federal authority under which to act.

This writer also disagrees with the conclusion in *Sarro* that the plaintiff lacked

---

**13.** The fact that Plaintiff was placed at the Wyatt Facility by the U.S. Marshal for the District of Massachusetts (under an arrangement with the Cornell Defendants) does not change this undeniable fact. At times the U.S. Marshal for Rhode Island places federal detainees at the Rhode Island state prison (the Adult Correctional Institutions or "ACI"), particularly female detainees, but that does not convert the correctional officers at the ACI into federal officers acting under color federal authority.

**14.** The fact that Plaintiff failed to file a timely objection to Judge Martin's conclusions that his § 1983 claims against Salisbury, Singleton, and Johnson were barred by the statute of limitations and that his same claim against the Cornell Defendants should be dismissed for failure to state a claim on which relief could be granted does not change this Court's opinion that the *availability* of a remedy under § 1983 precludes this court from finding

a parallel remedy under *Bivens. See Ward v. Caulk,* 650 F.2d 1144, 1148 (9th Cir.1981)(emphasis added)(concluding that the availability of a statutory remedy under § 1983 precluded an action under the federal constitution even though the plaintiff's failure to comply with the statute of limitations prevented him from bringing the § 1983 claim); *Small v. Inhabitants of the City of Belfast,* 547 F.Supp. 761, 769 (D.Me.1982)(citing *Ward,* 650 F.2d at 1148)(noting that although the § 1983 action was time barred, there was no *Bivens* cause of action because the § 1983 claim was available during the limitations period). *See also Colon Berrios v. Hernandez Agosto,* 716 F.2d 85, 89 (1st Cir.1983)(concluding that the Supreme Court has not held that a derivative action under the Constitution may be created to avoid the limitations of a § 1983 action when such an action was available).

any other effective remedy for the alleged violations of his constitutional rights. 248 F.Supp.2d at 63–64. For the reasons previously mentioned, the individual prison guards at the Wyatt Facility carry out a traditional public function, derive their authority over Plaintiff from state law and, therefore, act under color of state law for purposes of § 1983. It is to be noted that, at times, the Wyatt Facility houses state sentenced prisoners. The power to incarcerate and discipline those prisoners is derived from the same sources as the power to detain federal prisoners—ultimately, Rhode Island law. Therefore, Plaintiff had adequate relief available to him under § 1983, which precludes the need to imply a similar cause of action under *Bivens*. *See Malesko*, 534 U.S. at 72–74, 122 S.Ct. 515(refusing to imply a *Bivens* remedy, in part, because plaintiff had a remedy against the private defendants under state negligence law); *accord Peoples*, 2004 WL 74317, at *6.

Finally, the *Sarro* Court expressed concern that refusing to allow a federal prisoner to assert a *Bivens* claim due to that prisoner's incarceration at a privately-operated facility would deprive the prisoner of a remedy that is available to those incarcerated at government-operated facilities and would run counter to the desire for parity of remedies expressed by the Supreme Court in *Malesko*. 248 F.Supp. at 63. This writer disagrees once again. Refusing to imply a *Bivens* action against private individuals does not run counter to but rather follows established federal court precedent that 42 U.S.C. § 1983 and *Bivens* provide parallel remedies for violations of constitutional rights with the former applying to violations committed by state officials and the latter to the actions of federal officials. *See Meuse*, 322 F.Supp.2d at 38, *available at*, 322 F.Supp.2d at 38 (citing *Rogers v. Vicuna*, 264 F.3d 1, 4 (1st Cir., 2001)(stating that

Section 1983 cannot form the basis of an action against individuals acting under color of federal law)); *Small*, 547 F.Supp. at 764(noting that the Supreme Court's decision in *Carlson v. Green* implicitly counsels that § 1983 and not *Bivens* is the appropriate vehicle for redressing constitutional claims against *state* officials)(emphasis in the original); Cook & Sobieski, *supra*, § 14.02[B], at 14–27(noting that constitutionally implied causes of action are unavailable to plaintiffs seeking to hold state and local officials liable for their unconstitutional conduct under color of state law). The only difference in the relief available to prisoners incarcerated at a private versus a government-operated prison lies in the name of the applicable cause of action used to address alleged violations of their constitutional rights. *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir.1996)(noting that *Bivens* actions are quite similar to those brought under 42 U.S.C. § 1983); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995)(noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials"). For all of these reasons, this writer disagrees with the *Sarro* decision and declines to extend *Bivens* to apply to the private individuals and entities in this case who act under color of state law.

***Plaintiff's Claims for Violations of his Privacy Rights by Female Officers Fall Under 42 U.S.C. § 1983 and are not Before this Court Because of Plaintiff's Failure to Object to Judge Martin's Recommendation that the § 1983 Claims Against the Cornell Defendants be Dismissed.***

 Judge Martin recommended that this Court deny the Cornell Defendants' motion to dismiss all of Plaintiff's claims

for violations of the First or Fourth Amendments when the Cornell Defendants' female employees allegedly observed Plaintiff while he showered and performed bodily functions. *Report & Recommendation*, at 23. This Court notes that it is really the Fourteenth Amendment that applies and incorporates the First and Fourth Amendments with regard to state action. *Forest v. Pawtucket Police Dep't.*, 290 F.Supp.2d 215, 230 (D.R.I.2003), *aff'd*, 377 F.3d 52 (1st Cir. 2004). In addition, constitutional claims of this nature asserted against prison officials are usually brought pursuant to 42 U.S.C. § 1983. *See Fortner v. Thomas*, 983 F.2d 1024, 1026 (11th Cir.1993)(using Section 1983 to allege that correctional officials violated inmates' constitutional rights to privacy); *accord Cornwell v. Dahlberg*, 963 F.2d 912, 913, 916 (6th Cir.1992); *Timm v. Gunter*, 917 F.2d 1093, 1097 (8th Cir.1990); *Cumbey v. Meachum*, 684 F.2d 712, 713 (10th Cir.1982). Therefore, this Court concludes that Plaintiff should have pled his claims for violations of his privacy rights by female officials under 42 U.S.C. 1983.

Although Section 1983 claims against the Cornell and individual Defendants were available to Plaintiff, the viability of those claims is not before this Court due to Plaintiff's failure to object to Judge Martin's conclusions regarding Plaintiff's § 1983 claims. Since Plaintiff's claims for violations of his privacy rights by female officials fall under § 1983, those claims are also not before this Court. Therefore, procedurally, this Court is unable to review Judge Martin's recommendation to dismiss Plaintiff's § 1983 claims, which should include the claims for violations of his privacy rights. *See Thomas*, 474 U.S. at 151, 106 S.Ct. 466 (noting that a magistrate's determination becomes that of the district court unless a party files a specific objection thereto).

## IV. Conclusion

For the aforementioned reasons, the Cornell Defendants' specific objection to the Report and Recommendation is overruled. Plaintiff's Amended Complaint relates back to the date that his original Complaint was filed and accordingly the claims asserted therein against the Cornell Defendants are not barred by the statute of limitations. However, this Court grants the Cornell Defendants' motion to dismiss the remaining *Bivens* claims for failure to state claims upon which relief can be granted because the Cornell Defendants are not federal agents and special factors counsel this Court to deny the implication of a *Bivens* cause of action against any Defendant in this case.

Since Plaintiff did not object to Judge Martin's recommendation that this Court also grant the Cornell Defendants' motion to dismiss Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983, that motion is hereby granted. Plaintiff's constitutional claims for violations of his privacy rights should have been pled under 42 U.S.C. § 1983 and therefore are included in the uncontested recommendation that those claims be dismissed as well. Likewise, neither party objected to Judge Martin's recommendation to dismiss all claims against Salisbury, Singleton, Johnson, and the Wyatt Facility and, therefore, the motion to dismiss those claims is also granted.

Plaintiff's journey on this long and twisted road has come to an end. The Clerk shall enter judgment for all Defendants on the Amended Complaint, forthwith.

It is so ordered.